## WILLIAM P. ANDRUS

*v.*

## MARTHA J. COLEMAN.

1. VENDOR'S LIEN—*what is a waiver.* Where the vendor of land conveys the same to a married woman, and takes a deed from her husband for other land, with covenants of warranty, in part payment, and the husband's promissory note for the balance of the purchase money, this will be a waiver of his lien as vendor, and he must look to the husband alone for payment.

2. ESTOPPEL—*by deed.* Where. a party conveys land to the wife of another, he will be estopped from questioning her title, and claiming that the husband is the owner. This will be ample recognition that the husband, in procuring the deed, was acting as his wife's agent.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was a bill, filed by Andrus, against Martha J. Coleman, to enforce a vendor's lien. The cause was heard upon bill, answer, replication and proof, resulting in a dismissal of the bill, and complainant appealed.

Mr. B. D. LUCAS, for the appellant.

Mr. O. T. REEVES, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The question is, whether appellant waived his right of lien as vendor when he conveyed the land to the appellee, Martha J. Coleman, having taken her husband's warranty deed for certain lands in Kansas in part payment, and his individual note to secure the payment of the residue of the purchase money.

We consider that appellant, having conveyed to appellee, is estopped from questioning her title. He did this knowingly and voluntarily, and it is too late now to say that the title, in fact, belonged to the husband, with whom he contracted. This is ample recognition of his knowledge of the husband being

the agent for the wife in the transaction, as she swears he was, and, therefore, when he accepted his covenants of warranty for the Kansas lands, and his individual note for the residue of the purchase money, he knew that he was relying on the obligations of a person other than his grantee for payment of the purchase money. *Cowl et al.* v. *Varnum*, 37 Ill. 184, settles the question that the taking of the note of the husband to secure the payment of the purchase money for land bought by the wife, through the husband, acting as her agent, is a waiver of the lien; and the same principle must apply where the vendor accepts the deed of the husband for real estate, with covenants of warranty, in payment. It is, strictly, the taking of an independent security, and is within the well recognized rule announced in *Conover* v. *Warren et al.* 1 Gilm. 498, that the lien is discharged by the taking of any independent security. See, also, *Boynton* v. *Champlin*, 42 Ill. 57.

*Duke* v. *Balme*, 16 Minn. 307, cited by counsel for appellant, is materially different, in its facts, from the present case; and, whether we shall hold the law to be as there laid down, it will be time enough to determine when the same state of facts shall be presented in a case requiring our determination. *Willard* v. *Reas*, 26 Wis. 540, is analogous to the present case, and is in harmony with our views.

The charge that appellee had notice, when she received her deed, that the purchase money was unpaid, is disproved, and the case is entirely free from every element of fraud. There is no reason to question the good faith of appellee's husband when he made the conveyance of the Kansas lands, and the subsequent development of a superior title was, evidently, as unexpected to him as it was to appellant. As against such a contingency, appellant took covenants of warranty, and with these he must be satisfied.

The decree is affirmed.

*Decree affirmed.*