Stroud vs. Pace & Allison.

## STROUD VS. PACE & ALLISON.

1. BONA FIDE PURCHASER: *Notice: Pleading.*
   An allegation in a vendor's bill to enforce his lien for the purchase-money against the assignee of his purchaser, that the assignee had notice of the non-payment of the purchase-money at the time of his purchase, must be proved if denied. But it is otherwise where the defense of innocent purchaser is set up affirmatively by plea or answer.

2. SAME: *Notice: Recitals in deeds.*
   The purchaser of real estate is bound to take notice of all recitals contained in the chain of title through which he derives title, and to fully investigate and explore everything to which his attention is thereby directed; and if any of such conveyances contain notice that the land has been sold on a credit, he is bound to inform himself as to whether the purchase-money has been paid.

3. VENDOR'S LIEN: *When waived by taking security for the purchase-money.*
   The acceptance of a note with a security on it for the purchase-money, is not a waiver of the lien unless so intended by the vendor.

APPEAL from *Benton* Circuit Court in Chancery.
Hon. J. M. PITTMAN, Circuit Judge.
*Gregg*, for appellant.

Stroud vs. Pace & Allison.

ENGLISH, C. J.   Bill to enforce a vendor's lien.

On the eighth of July, 1872, John W. Stroud and wife, executed to James D. Houston a deed, in substance as follows:

"Know all men, etc., that we, John W. Stroud and wife, etc., of the county of Benton, etc., in consideration of two promissory notes of two hundred-and twenty-five dollars each, bearing date February 8, 1872, one payable eight months after date, and the other eleven months after date, executed by Nathaniel Davis and J. D. Houston, the receipt whereof is hereby acknowledged, have granted, bargained and sold, and do by these presents grant, bargain, sell and convey unto said J. D. Houston, his heirs and assigns forever, all that following described real estate situate," etc.

Here follows a description of the property conveyed, being a part of lot No. 80 in the town of Bentonville, the metes and bounds of which are given.   Then follow the *habendum*, covenants of warranty, the signatures of the vendors, etc.

The deed was acknowledged by the vendors on the day it bears date, filed for registration on the next day, and recorded.   Afterwards, but at what time does not appear, James D. Houston, the vendee in the deed, conveyed the lot to B. F. Allison, and he to Christopher S. Pace, and Houston became a non-resident of the state.

Some time in the year 1877, Stroud filed the bill in this case in the circuit court of Benton county, against Houston, Pace and Allison, to enforce a vendor's lien upon the lot for balance unpaid on one of the notes for purchase-money recited in the deed.

It appears that the bill, exhibits, summons, warning order, etc., were lost, and by agreement of parties, the bill and exhibits substituted.

Stroud vs. Pace & Allison.

The bill alleges that Allison & Pace purchased with full notice that the purchase-money due to plaintiff had not been paid.

There is some confusion in the transcript as to which of the two notes recited in the deed was sued on, perhaps growing out of the substitution of the lost bill and exhibits. The substituted bill purports to be founded upon, and to exhibit a copy of the note due at eleven months, but in fact the note due at eight months is copied, and was, it seems, read in evidence on the hearing. No point, however, was made in the court below as to this matter.

Houston made no defense. Pace and Allison answered, denying that the note sued on was given to plaintiff for part of the purchase-money of the lot, and alleging that it was executed for other property. Also denying that they purchased with notice, etc.

The cause was heard upon the pleadings and evidence, and the court found that the note sued on was given by Houston and Davis to plaintiff for part of the purchase-price of the lot in controversy, and that there was due to plaintiff $194.95, after deducting payments proved, and a personal decree was rendered against Houston in favor of plaintiff for that sum.

But the court held that plaintiff had no lien for his debt as vendor, upon the lot in controversy, as against defendants Pace and Allison, and discharged them with costs. From this part of the decree the plaintiff appealed.

1. Bona Fide Purchaser: Notice: Pleading.

I. No express lien was reserved in the deed from appellant to Houston for the payment of the notes given for the purchase-money. Appellant had a vendor's equitable, and not a contract lien. He alleged that the appellees purchased with notice that the purchase-money was not paid,

which they denied in their answer, and the burden of proof was upon him. *Pearce v. Foreman, 29 Ark.*, *563 ; Gerson v. Pool, 31 ib.*, *89; 2 Leading Cases in Equity; Hare and Wallace, 124–125*, etc. The rule is otherwise where the defense of innocent purchaser is set up affirmatively by plea or answer. *Same authorities.*

II. Appellant made no proof of actual notice to appel- 2. ———: lees, but relied upon the recitals in the deed from him to *Notice: Recitals in deeds.* Houston, showing notes for purchase-money, which was upon the public records.

The recitals in the deed from appellant to Houston were constructive notice to appellees, who claimed title under Houston.

Nothing is better settled than that the purchaser of real estate is bound to take notice of all recitals in the chain of title through which his own title is derived. Not only is he bound by everything stated in the several conveyances constituting that chain, but he is bound fully to investigate and explore everything to which his attention is thereby directed. Where, therefore, he is informed by any of the preceding conveyances, upon which his own deed rests, that the land has been sold on a credit, he is bound to inform himself as to whether the purchase-money has been paid since the execution of the deed. *Deason v. Taylor, 53 Miss.*, *701; Wiseman v. Hutchinson, 20 Ind., 40 ; Croskey v. Chapman, 26 ib.*, *333 ; Johnston v. Gwathmey, 4 Little (Ky.), 317; Wade on Law of Notice, sec. 330.*

It appears that appellant and appellees lived in the same community, saw each other frequently, and appellees could have ascertained by inquiry whether the notes for the purchase-money recited in the deed had been paid, before they purchased.

**3. VENDOR'S LIEN:** Not waived by taking security for purchase-money unless so intended.

III. It appears that Houston procured Davis to sign the notes for the purchase-money with him, but that appellant did not intend, by accepting the notes in that form, to waive his lien for purchase-money, and it was not a waiver. *Lavender, Ad., et al., v. Abbott, Ad., 30 Ark., 179.*

Reversed and remanded, with instructions to the court below to render a decree enforcing the lien of appellant as vendor upon the lot in controversy for balance of purchase-money found due him by the decree against Houston.