SHRIMSHER vs NEWTON ET AL.

Opinion delivered October 5, 1901.

1.  *Vendor's Lien—Interest in Lands—Waived by Acceptance of Other Security.*

> A vendor of real estate has an equitable lien thereon for the unpaid purchase price, though conveyed by absolute deed. But this lien may be waived by the acceptance of personal security other than the note of the purchaser; and where the vendor accepts the note of the husband with two other signers as sureties for real estate sold and conveyed to the wife, the vendor's lien is thereby waived.

2.  *Pleading and Practice—Demurrer Relates Back to First Defect.*

> Where a demurrer to the defendant's answer is sustained, and it is then found that there is a substantial defect in the complaint, the demurrer will be held to relate back to such defective pleading, and should be sustained as to the part which is defective, leaving the case to be tried upon the issues remaining.

Appeal from the United States court for the Northern district.

JOHN R. THOMAS, Judge.

Action by Bessie B. Shrimsher against J. L. Newton and others. Judgment for a portion only of the relief claimed. Plaintiff appeals. Affirmed.

On the 2d day of February, 1900, plaintiff filed her complaint, alleging: That she and defendant are all Cherokee Indians, and that defendants Newton, Mitchell and Ward, on the 24th day of January, 1899, made, executed, and delivered to her their certain promissory note as follows: "$600.00. Claremore, I. T., Jan. 24, 1899. August 1st, after date, for value received, we promise to pay to the order of Bessie B

Shrimsher six hundred and $\frac{no}{100}$ dollars, with interest thereon at the rate of 10 per cent. per annum from date until paid. The makers and indorsers of this note severally waive protest and notice of nonpayment hereof, and if this note is collected by law we agree to pay 10 per cent. of the principal as attorney's fees. We also agree not to schedule any of our property to avoid the payment of this note. [Signed J. L. Newton. W. D. Mitchell. G. W. Ward, P. O., Claremore, I. T.'' That said note was for consideration of the purchase price of a certain farm and improvements, which are in possession of defendant Newton, and that said note is past due. She states that she is entitled to a lien on said farm and improvements for the purchase price of same, and asks for judgment on the note, and that said judgment be declared a lien on said farm and improvements, and same be sold to satisfy said judgment. On March 7, 1900, a demurrer was filed by defendants to said complaint, as follows: ''Comes the defendant J. L. Newton, and demurs to that part of the complaint in which the plaintiff attempts to foreclose her lien for the purchase money on the property described, and for cause of demurrer says that said complaint does not state facts sufficient to constitute a cause of action against the defendant, and does not entitle her to the relief prayed for; wherefore defendant prays that plaintiff take nothing by that part of said complaint.'' It does not appear from the record what disposition, if any, was made of this demurrer. On April 13th defendants filed their answer to plaintiff's complaint, and admit that they executed the note, and that the same was for a part of the purchase price of the improvements described by plaintiff, but deny that said improvements were sold to them, or either of them, by plaintiff. They state that on December 15, 1898, defendant J. L. Newton, as agent for his wife, Sidney Newton, bought the improvements from plaintiff for $1,800; that at that time defendant Newton had $1,800 in his hands, belonging to his wife, Sidney Newton; that he paid the plaintiff $1,200 cash,

and with the consent of his wife he used the other $600 of the money, and gave the plaintiff the note sued on, signed by him, with defendants Mitchell and Ward as sureties, for the balance of the purchase price of said improvements, and that plaintiff at that time, at the request of Sidney Newton, made, executed, and delivered a bill of sale to William and Walter Newton, children of defendant J. L. Newton and his wife, Sidney Newton, of said improvements, and agreed in same to warrant and defend the title to said William and Walter Newton; that said improvements are under the exclusive control of Sidney Newton and her children; that on the 14th day of May, 1900, a demurrer was filed by the plaintiff to the answer of defendants as follows: "That their answer does not state facts sufficient to constitute a defense." On the 17th day of May, 1900, a motion was made by plaintiff to make William and Walter Newton parties defendant to the suit, and that a guardian ad litem be appointed for them as minors, which motion was sustained, and J. L. Newton was appointed guardian ad litem. He entered the appearance of said minors, and adopted the answer of the other defendants already filed, and, the case coming on to be heard by the court upon the complaint of the plaintiff, the answer of defendants, and the demurrer of plaintiff to defendants' answer, and the court being fully advised, rendered judgment as follows: "It is therefore considered, ordered and adjudged by the court that the plaintiff have and recover of and from the defendants the sum of six hundred and seventy-five dollars, and interest at the rate of ten per cent. per annum, according to the terms of the said note, and for costs; and that the demurrer be sustained, and relate back to that part of the complaint which prays for a lien on the property for the balance of the purchase price, be dismissed; to which ruling of the court the plaintiff duly excepted, prayed an appeal to court of appeals at South McAlester, I. T., which was accorded, and sixty days given to prepare and present a bill of exceptions."

*Jas. S. Davenport, W. P. Thompson* and *W. M. Hall,* for appellant.

*De Roos Bailey* and *Hutchings & West,* for appellees.

TOWNSEND, C. J.    The appellant has filed two specifications of error, as follows:  "First. The court erred in sustaining the demurrer, and letting it relate back to the complaint of plaintiff, dismissing that part of plaintiff's complaint which asked for a lien upon the purchase price.    Second.  The court erred in holding that no lien existed or could exist in the Cherokee Nation upon improvements situated upon Cherokee lands owned by one citizen of the Cherokee Nation and sold to another citizen of the Cherokee Nation by said citizen. "  It appears from the answer filed by appellees (defendants below) that the purchase of the improvements was made by J. L. Newton, one of the defendants, as the agent of his wife, Sidney Newton, and with funds belonging to his said wife, and that the bill of sale made by the plaintiff was, by direction of said Sidney Newton, made to William and Walter Newton, children of defendant J. L. Newton and his said wife; that the defendants W. D. Mitchell and G. W. Ward were sureties for said J. L. Newton on the said $600 note sued upon; that the plaintiff was paid $1,200 in cash, and was given the note sued upon for the balance of the purchase price of said improvements.    But the defendants deny that said improvements were conveyed to them, or either of them.    These allegations of the answer are admitted by demurrer of the plaintiff.    Under the decisions of Arknasas the vendor unquestionably has an equitable lien for the purchase money, though it is said in Stephens vs Shannon, 43 Ark. 464, that "a vendor's lien upon the land is not an estate in the land, but is a charge or right which has its inception only on bill filed. "    The lien is not confined to a legal title or title in fee.    It applies to leaseholds, and appears to be received as to all recognized titles.    It arises in favor of one who has merely an equitable interest.    "It attaches to a

pre-emption claim on the public lands ." Pierson vs David, 1 Iowa, 23. But the question in this case is, has the plaintiff waived her lien by taking for the balance of the purchase money the note of the agent, J. L. Newton, who purchased the improvements with his wife's money, and the bill of sale made by plaintiff to the children of himself and wife, and which note is also executed by defendants W. D. Mitchell and G. W. Ward, strangers to the transaction? It is said in Richardson vs Green, 46 Ark. 270, that "the acceptance of personal security, however, other than the note of the vendee, is considered prima facie evidence of an intention not to rely upon it, and casts upon the vendor the burden of showing that such was not the case." Under the pleadings as admitted by the demurrer J. L. Newton was not the vendee, but his wife and children were the vendees; hence prima facie the lien was waived under this decision. In Railroad Co. vs. Stewart, 51 Ark. 286, 10 S. W. 768, it is said: "The only question in this case is, has appellee a lien on the land conveyed by her for the unpaid purchase money? A vendor of real estate has an equitable lien thereon for the unpaid purchase money, although he conveyed it to the purchaser by an absolute deed. He may, however, waive the lien expressly or by any act which manifests an intention to do so. The acceptance of personal security for the purchase money, other than the note of the vendee, is prima facie evidence of such intention. Lavender vs Abbott, 30 Ark. 172; Mayes vs Hendry, 33 Ark. 240; Stroud vs Pace, 35 Ark. 100; Richardson vs Green, 46 Ark. 270." In Dutton vs Bratt, (Ark.) 11 S. W. 821, the court say: "If the plaintiff could be permitted to show that the notes of Weed were not taken as payment, but only as securities for the debt for purchase money which was still due by his vendee, he has failed to make any allegation to that effect. The case made by the recital of the conveyance is therefore not refuted by the complaint, and the demurrer was properly sustained." In 28 Am. & Eng. Enc. Law. p. 178, it is said: "In England it is also held that

the acceptance of the personal security of a third person is not a waiver of the lien, but in the United States the contrary doctrine is generally followed, and the acceptance of any personal obligation of a third person, or of the vendee indorsed or guaranteed by a third person, is held to defeat the lien." In Pom. Eq. Jur. § 1252, it is said that among the securities which ordinarily destroy or discharge the lien are "the note, bill, bond, or undertaking of a third person, the note or. bill of the grantee indorsed or guaranteed by a third person, and the like," but adds that the decisions are not unanimous.    In  Beach, Mod. Eq. Jur. § 310, it is said:

Thus, if land is bought by one as the agent of another, and a conveyance is made to the principal, the real purchaser, and the vendor accepts the obligation of the agent for the unpaid purchase money, he will waive his lien as vendor." In Andrus vs Coleman, 82 Ill. 26, 25 Am. Rep. 289, the court says:   "The question is whether appellant waived his right of lien as vendor when he conveyed the land to the appellee, Martha J. Coleman, having taken her husband's warranty deed for certain lands in Kansas in part payment, and his individual note to secure the payment of the residue of the purchase money.    We consider that appellant, having conveyed to appellee, is estopped from questioning her title. He did this knowingly and voluntarily, and it is too late now to say that the title in fact belonged to the husband, with whom he contracted.   This is ample recognition of his knowledge of the husband being the agent for the wife in the transaction, as she swears he was; and therefore, when he accepted his covenants of warranty for the Kansas lands, and his individual note for the residue of the purchase money, he knew that he was relying on the obligations of a person other than his grantee for payment of the purchase money." The demurrer to the answer in the case at bar admits that J. L. Newton was agent for his wife.    Besides, two other defendants, strangers to the transaction, were on the note with him.    As to the first assignment of error, it is only

necessary to cite Bliss on Code Pleading as follows: "It is an old rule that a demurrer runs through the whole series of pleadings, and that judgment will go against the first party whose pleading is defective in substance. This rule is not a technical one. It necessarily attaches to every system; for when the court is advised of any substantial error or defect in a pleading—one that is not waived by pleading to the merits, and one that will render a verdict nugatory which may be founded upon it—it will go further, and will require the defective pleading to be amended, or will render judgment against the party thus at fault. Hence it is held that a demurrer to an answer reaches a complaint that shows a want of jurisdiction over the subject of the action, or that does not show facts that constitute a cause of action." Bliss, Code Pl. (2d Ed.) § 417a. We are clearly of the opinion that under the authorities the demurrer was properly sustained, and that the "lien on the property for the balance of the purchase price be dismissed," and therefore the judgment of the court below is affirmed.

GILL, CLAYTON, and RAYMOND, JJ., concur.