TURNER, et al, vs GILLILAND.

Opinion delivered September 23, 1903.

1. *Indian Lands—Title—None Acquired by Non-Citizens.*

> Defendants, in an action for the possession of Indian lands set up no defense by pleading transfer of title to them by a non-citizen who prior thereto had obtained a deed from an Indian citizen in possession, for a white man can acquire no title by purchase, and hence has nothing to convey.

2. *Indian Lands—Unlawful Detainer—Answer—Insufficient Defense.*

> Where in an action of unlawful detainer to recover possession of Indian lands, the defendant answers alleging title obtained through an invalid conveyance from the original owner to a non-citizen, and admits, by failing to deny, plaintiff's allegations as to the original owner and that the defendants acquired a lease from him which has expired, the answer sets up no defense to the action.

3. *Unlawful Detainer—Landlord and Tenant—Tenant Cannot Deny Title.*

> In an action of unlawful detainer, the defendants being in possession under a lease from plaintiff, cannot deny the lessor's title.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Action by Effie F. Gilliland against H. G. Turner and another. Judgment for plaintiff. Defendants appeal. Affirmed.

This is an action of unlawful detainer. The complaint alleges that the plaintiff is a citizen of the Choctaw Nation by blood, and has been enrolled by the Commission to the Five Civilized Tribes. For her cause of action she avers that she is

the owner of and entitled to the possession of the land sued for, which is situated in the Chickasaw Nation. She alleges that one Zack Reynolds, a Choctaw Indian, segregated the land from the public domain of the Chickasaw Nation through one Mack Trice, to whom he had rented the lands for a term of years for the purpose of segregation and cultivation; that the said Trice afterwards transferred his lease to the defendant (appellant) Turner; that one T. H. Higgins purchased the Indian title of Reynolds, and afterwards, on the 3d of January, 1899, sold the same to the plaintiff (appellee); that the defendant Turner is now holding the premises under some pretended claim or lease the nature of which is to the plaintiff unknown, and that he has rented the same to the defendant Gillenwater; that the original lease of Reynolds to Trice has expired; and that the defendants, after due demand in writing, refuse to deliver to the plaintiff the possession of the lands.

The amended answer to the complaint is as follows:

"Now come the defendants in the above cause, leave of the court having been first had and obtained, and file this their amended answer. Defendants admit the residence and the citizenship of the plaintiff, and say:

"First. Defendants deny that plaintiff is the owner and entitled to the possession of the land described in plaintiff's complaint.

"Second. Defendant say that at the time of the alleged purchase by T. H. Higgins from Zack Reynolds, the said Zack Reynolds had no right to the premises herein sued for, or to the possession of the same.

"Third. Defendant say that he and his wife and children are members of the Choctaw tribe of Indians, duly enrolled and recognized, and that he is not in the possession of more land than

would be his pro rata share of the land of the Choctaw and Chickasaw Nations, and to which he and his family are entitled until allotment is made. Defendant further denies that he is holding said premises under any kind of claim or lease under any party whatever. Defendant, further answering, says: That Zack Reynolds, who was the original indian owner of said premises, and was a duly recognized and enrolled member of the Choctaw tribe of Indians, did, on the 6th day of June, 1892, sell, transfer, and convey, for a valuable consideration, the premises, sued for by plaintiff unto one W. H. Warner, a copy of which deed is hereto attached, and marked 'Exhibit A'; the said Warner then and there being a United States citizen, and not a member of any Indian tribe or nation. That on the 11th day of December, 1897, the said Warner did, for a valuable consideration, sell, transfer and convey the said premises sued for to the defendant H. G. Turner herein, a copy of which conveyance is hereto attached, made a part hereof, and marked 'Exhibit B'; the said H. G. Turner at that time being a United States citizen, and not a member of any tribe or nation of Indians. That on the —— day of —— 1899, the said Turner married * * * member of the Chickasaw Tribe of Indians, duly enrolled and recognized as such, and that on the —— day of ——, 1899, the said Turner was duly enrolled and recognized as a member of the Chickasaw tribe of Indians.

"Defendant further alleges that at the time Zack Reynolds made the alleged sale to the said T. H. Higgins the said Reynolds had no interest of any kind or nature in and to the premises sued for, or the improvements situated thereon."

"To the amended answer the plaintiff filed the following demurrer:

"Comes now the plaintiff, and demurs to the amended answer of the defendants filed herein April 19, 1900, and states

that the same is insufficient in law to constitute a defense to plaintiff's cause of action, as alleged in her said complaint. For a further ground of demurrer, plaintiff states that said answer is insufficient, in that it shows that the defendant H. G Turner claims to have acquired the title to the premises described in plaintiff's complaint on the 11th day of December, 1897, by purchase from one W. H. Warner, whom it is alleged was a citizen of the United States, and not a member of any Indian tribe or nation, and that at the time of said purchase the said H. G. Turner was also a citizen, and not a member of any tribe or nation of Indians, although it is alleged that the said Turner afterwards married a member of the Chickasaw tribe of Indians, and is now a duly enrolled and recognized intermarried citizen of the Chickasaw tribe of Indians; that, such allegations being true, defendant H. G. Turner could not thereby acquire any rights to the possession of the land and improvements in controversy, such title being expressly prohibited by law."

The court sustained the demurrer to the answer, and, the defendants refusing further to plead, judgment was entered for plaintiff, and the case was regularly appealed to this court.

*Johnson & Carter*, for appellants.     *J. F. Sharp*, for appellee.

CLAYTON, J.  W. H. Warner, the defendant Turner's grantor, being a white man, took nothing by his purchase, because the law does not permit a white man to acquire the title to land which an Indian holds in the Choctaw or Chickasaw Nation, and therefore Turner acquired nothing by his deed from Warner; and the same is true as between the plaintiff and the defendant Gillenwater, Turner's lessee.  Therefore they are both without title from that source, and their deeds would not be admissible as evidence in this case.  The defendants do not deny that Zack Reynolds, the original grantor, from whom

(40)

all of the parties deraign their title, executed to Mark Trice a lease of these premises, and that the defendant H. G. Turner, afterwards acquired it. Under our statute, this allegation of the complaint, not being denied, is admitted, and therefore the defendants, having admitted this title, and having shown no other valid one, are in under Trice's lease, and owe their allegiance to his landlord, Reynolds, or his grantee; and, as the sale from Reynolds to Higgins and of Higgins to the plaintiff is not denied, they are in under her title; and, as the allegation that the lease has expired is not denied, the answer shows no legal defense to the action. And it makes no difference whether Turner acquired the lease from Trice before or after the execution of the deed, to Warner, because that deed is as if it had never been written. It was [absolutely void. The defendants, then, being in possession under the lease, cannot deny the title of the plaintiff, their lessor, as it is attempted to be done by the first, second and last paragraphs of the amended answer. It is clear that the amended answer sets up no vaild defense to the complaint, and therefore the court did not err in sustaining the demurrer to it, and, in default of further plea, entering judgment therein.

Affirmed.

GILL, C. J., and RAYMOND, J., concur.