HUBBARD vs CHISM.

Opinion delivered October 19, 1904.

1. *Indian Lands—Action for Rent—Complaint—Sufficiency of.*

In an action to recover rents due for the use of certain lands in the Cherokee Nation during a period subsequent to the passage of Act of Cong. June 28, 1898, the complaint failed to state that plaintiff was a citizen of the Cherokee Nation, and failed to state that the lands comprise the amount which would be plaintiff's just and reasonable share of the lands of his Nation, and therefore, under the terms of Sec. 16 of said Act, fails to show facts entitling plaintiff to recover such rents.

2. *Pleading—Demurrer to Answer Relates Back to Complaint.*

Where, in an action to recover rents, the complaint failed to state facts entitling plaintiff to recover, but defendant answered thereto, and thereafter plaintiff demurred to the answer, the demurrer relates back and is properly sustained as against the complaint.

Appeal from the United States Court for the Northern District.

JOSEPH A. GILL, Judge.

Action by John J. Hubbard against Thomas Chism. Judgment for defendant. Plaintiff appeals. Affirmed.

On April 14, 1902, the appellant, plaintiff below, filed his complaint at law against the appellee, defendant below, and for cause of action says that on or about September 1, 1898, the defendant became the tenant of the plaintiff for the year 1898, and entered into the possession of certain described premises lying in the Cherokee Nation, Ind. Ter., under a written contract; that defendant, under a verbal contract with plaintiff, continued in possession of same premises for the year 1899, and paid the rent as the contract provided; that defendants continued in possession of said premises of plaintiff for the years 1900 and 1901, but did not pay any rent for the use of said premises for said years. Wherefore plaintiff asks judgment for $796.16 for the use of said premises, and for interest and costs.

On April 29, 1902, the defendant filed his answer to the complaint, and alleged that both plaintiff and defendant are citizens of the United States, and reside in the Northern District of the Indian Territory. Defendant admits the use and possession of the land for the years 1898 and 1899, as alleged by plaintiff. Defendant further alleges that on June 14, 1898, said premises were sold by the sheriff of Delaware district, Cherokee Nation, Ind. Ter., at public sale, to Rosa Sixkiller, and a certificate of purchase issued to her for said farm and improvements, as follows:

"AFTON, IND. TER., June 14th, 1898.

"This is to certify that Rosa Sixkiller, of Suagee, I. T., has paid twenty dollars ($20.00) as first payment on an intruder

improvement known as the John J. Hubbard place, located about one-fourth mile south of Afton, I. T., consisting of about one hundred and twenty acres under fence, and about one hundred acres in cultivation, and four and five wire fence.

"Sold under act of the National Council, approved Oct. 1st, 1895, and amendments thereto. This * * *amount improvement sold for $120.00.

"B. C. ENGLAND, Sheriff of Del. Dist."

Defendant further alleges that for the years of 1900 and 1901 he rented said premises from Rosa Sixkiller, and paid the rents to her; denies he owes plaintiff anything for the use and occupation of said premises for the years 1900 and 1901; denies the plaintiff was the owner of the said place for said years, and denies he was tenant of plaintiff for said years; and asks that the suit be dismissed.

On May 12, 1902, plaintiff filed demurrer to answer, which was subsequently withdrawn, and plaintiff, on July 28, 1902, filed a demurrer to said answer as follows:

"Demurrer to Answer. Now comes the said plaintiff and demurs to the answer of the said defendant heretofore filed herein, and as his grounds of demurrer thereto says:

"First. The said defendant does not deny in his said answer that he entered into possession of the said premises mentioned as the tenant of the said plaintiff, and nowhere in his answer alleges that he ever surrendered the possession of the same to the said plaintiff, or that either he or the said plaintiff were evicted by a superior title to that of the said plaintiff.

(8)

"Second. The mere agreement of the said defendant to pay rent to another person than the plaintiff, and the payment of that rent under and in pursuance of such an agreement, is no defense to this action.

"Third. For a third and especial ground of demurrer to the said answer the said plaintiff demurs specially to that portion of said answer which contains the averments setting up the pretended sale of the premises mentioned by the sheriff of Delaware district, in the Cherokee Nation, and the purchase from him at such sale by Rosa Sixkiller, under whom the defendant claims to have leased the said premises, because said averments do not show any judgment or proceeding against the said plaintiff or his privies, or any right of possession in Rosa Sixkiller after the said sale and purchase or at the time of making the lease set up.

"Fourth. For a fourth and especial ground of demurrer to the said answer the said plaintiff demurs specially to that portion of said answer which contains the averment setting up the pretended sale by the sheriff of Delaware district, in the Cherokee Nation, of the premises mentioned, and the purchase of the said premises by the said Rosa Sixkiller, under whose lease the defendant claims to hold, because the said averments do show that such pretended sale was had under and in pursuance of a law of the Cherokee Nation, and the validity of the pretended sale and the rights of Rosa Sixkiller and the defendant under such pretended sale cannot be ascertained, determined, or enforced in this court without this court ascertaining, determining, and enforcing said law, which is a tribal law of one of the Five Civilized Tribes of the Indian Territory, and a law which the court of the United States in the Indian Territory is forbidden to enforce.

"Fifth. The said answer does not state facts sufficient to constitute a defense to the action of the plaintiff.

"Wherefore the said plaintiff asks judgment whether said answer be a good and sufficient defense.

GEORGE B. DENISON,
"Attorney for Plaintiff."

On same day the court heard said demurrer, and thereupon rendered a decision and judgment in said case as follows:

"Now on this 28th day of July, 1902, a day of the regular May, 1902, term of this court, come the parties hereto by their respective attorneys, and by leave of the court the said plaintiff withdraws the demurrer to the answer filed on the 12th of May, 1902, and on this day files a demurrer to the said answer, and the said cause coming on to be heard on the said demurrer is argued and submitted to the court, and the court, being now well and sufficiently advised thereon, doth hold that the said demurrer relates back to the complaint in this case, and that said complaint is wholly insufficient in law to entitle the said plaintiff to recover any judgment against the said defendant, and said demurrer to the answer is sustained as to the said complaint; to which ruling and decision of the court holding that the said complaint was insufficient to entitle the said plaintiff to maintain any action against the said defendant and sustaining said demurrer as to the complaint the said plaintiff then and there duly excepted, and asked that his exceptions be noted of record, which was done accordingly. And it was by the court ordered that the said plaintiff have until the 4th day of August, 1902, to amend said complaint, or to elect to stand upon the same, and this cause was continued until that day. And on the 4th day of August, 1902, a day of the regular May

1902, term of said court, among other proceedings, the following were had, to wit: 'No. 1757. Law. John J. Hubbard,' Plaintiff, vs Thomas Chism, Defendant. Now on this 4th day of August, 1902, a day of the regular May, 1902, term of this court, come the parties hereto by their respective attorneys, and this cause coming on to be heard the said plaintiff, John J. Hubbard, makes his election herein, and declines to amend his complaint herein, but elects to stand upon the same, and to plead no further; whereupon it is by the court considered, ordered, and adjudged that the said plaintiff, John J. Hubbard, take nothing herein by reason of said complaint against the said defendant, Thomas Chism, and that the said defendant have and recover of and from the said plaintiff all his costs in and about this action laid out and expended, taxed at ———— dollars and ————cents, and that he have execution therefor.' " To which plaintiff excepted, and prayed an appeal to this court.

Geo. B. Denison, for appellant.

James S. Truitt and Preston S. Davis, for appellee.

TOWNSEND, J. The appellant has filed assignments of error as follows: "(1) The trial court erred in sustaining the demurrer the appellant had filed to the answer of the appellee to the complaint in the case, which error was excepted to at the time. (2) The trial court erred in holding that the complaint was insufficient to entitle the appellant to maintain his action against appellee, which error was excepted to at the time. (3) The trial court erred in not sustaining said demurrer to the answer, and in holding that the complaint was demurrable, which error was excepted to at the time." Appellant says there is only one question in the case, and states the same as follows: "Was the complaint good in substance? Were all the matters alleged in substance that were essential to show a right of recovery in appellant? If judgment had been rendered for him

on the complaint, would the judgment have been arrested because the complaint did not state a cause of action?" Appellant concedes that the rule was properly stated by this court, in regard to the effect of demurrer, in Shrimsher vs Newton, 3 Ind. Ter. 555, 64 S. W. 534, as follows: "As to the first assignment of error it is only necessary to cite Bliss on Code Pleading, as follows: 'It is an old rule that a demurrer runs through the whole series of pleadings, and that judgment will go against the first party whose pleading is defective in substance. This rule is not a technical one. It necessarily attaches to every system, for when the court is advised of any substantial error or defect in a pleading—one that is not waived by pleading to the merits, and one that will render a verdict nugatory which may be founded upon it—it will go no further, and will require the defective pleading to be amended, or will render judgment against the party thus at fault. Hence it is held that a demurrer to an answer reaches a complaint that shows a want of jurisdiction over the subject of the action, or that does not show facts that constitute a cause of action.' Bliss, Code Pl. (2d Ed.) § 417a. We are clearly of the opinion that under the authorities the demurrer was properly sustained." The question, then, to be determined is, was the complaint "good in substance?" Plaintiff alleged that defendant became his tenant and entered into possession of the described premises lying in the Cherokee Nation, about September 1, 1898, under a written contract; that defendant continued in possession for 1899 under a verbal contract with plaintiff and paid rent; that defendant continued in possession for 1900 and 1901, and did not pay rent for the use of said premises, and therefore he sues. On June 28, 1898, Congress passed an act entitled "An act for the protection of the people of the Indian Territory, and for other purposes" (Act June 28, 1898, c. 517, 30 Stat. 495), commonly known as the "Curtis Bill," which said act, in section 16 thereof (30 Stat. 501), provides as follows: "That it shall

be unlawful for any person, after the passage of this act, except as hereinafter provided, to claim, demand, or receive, for his own use or for the use of any one else, any royalty on oil, coal, asphalt, or other mineral, or on any timber or lumber, or any other kind of property whatsoever, or any rents on any lands or property belonging to any one of said tribes or nations in said territory, or for any one to pay any individual any such royalty or rents or any consideration therefor whatsoever; and all royalties and rents hereafter payable to the tribe shall be paid, under such rules and regulations as may be prescribed by the Secretary of the Interior, into the Treasury of the United States to the credit of the tribe to which they belong; provided, that where any citizen shall be in possession of only such amount of agricultural or grazing lands as would be his just and reasonable share of the lands of his nation or tribe and that to which his wife and minor children are entitled, he may continue to use the same or receive the rents thereon until allotment has been made to him: provided further, that nothing herein contained shall impair the rights of any member of a tribe to dispose of any timber contained on his, her, or their allotment." Under the terms of said law it is declared to be unlawful for any person "to claim, demand, or receive for his own use or for the use of any one else * * * any rents on any lands or property belonging to any one of said tribes or nations," and by the same section it is made unlawful for any one to pay any rents to any individual, etc. There is a proviso in said section that when any citizen shall be in possession of "only such amount of agricultural or grazing lands as would be his just and reasonable share of the lands of his nation or tribe and that to which his wife and minor children are entitled, he may continue to use the same or receive the rents thereon until allotment has been made to him." Does the complaint in this case anywhere disclose a condition that entitles plaintiff to recover in this action? If plaintiff is a citizen, and is in possession of his just and reason-

able share, etc., he can only use the same and receive the rents thereon until allotment. But this complaint does not discloses whether he is a citizen or not, and, if he is, whether the lands described come within the proviso or not. In our judgment, the complaint is defective in substance, and the decision of the trial court in sustaining the demurrer filed to the answer to the complaint was correct, and it is therefore affirmed.

RAYMOND, C. J., and CLAYTON, J., concur.