KELLY ET AL VS HARPER.

Opinion delivered Sept. 26, 1907.

(104 S. W. Rep. 829).

*Indian Lands—Contract for Sale.*

> Act of Cong. June 28, 1898, c. 517 § 29, 30 Stat. 507 provides for sale,. etc. of the land of certain Indian allottee shall be void. Act July 1, 1902, c. 1362, 32 Stat. 642 provides that allotted land shall not be affected by any deed, debt or other obligation made before the time when such land could be alienated under the act. Therefore a contract made by any one not an Indian citizen to buy land before allotment is made, is void. Such persons have no right to buy or sell Indian lands before allotment and the expiration of the period of restrictions.

Error to the United States Court for the Southern District of the Indian Territory; before Justice J. T. Dickerson, May 15,. 1905.

Action by W. P. Harper against E. J. Kelly and another. From a judgment for plaintiffs, defendant brings error. Reversed and remanded.

This is an action by defendant in error against the plaintiffs in error upon the following contract: "This contract made and entered into by and between W. P. Harper, of the first part, and Kelly Bros., of the second part, witnesseth: That said party of the second part has this day bought of said party of the first part the following described lands, to wit: * * * in the Chickasaw Nation, known as the 'Brown Pasture.' The consideration for said property is $1,050, to be paid within sixty days or ninety days, if necessary, when second parties secure possession and same is allotted." The complaint is as follows: "The plaintiff, W. P. Harper, states that he is a resident of the southern district, of the Indian Territory, and

that the defendants, Kelly Bros., a partnership composed of E. J. and T. B. Kelly, are nonresidents of the Indian Territory. For cause of action the plaintiff states that the said defendants are justly indebted to him in the sum of $785, as per copy of a certain contract made with the said defendants on September 10, 1903, a copy of which is hereto attached, marked Exhibit A, and made a part hereof; that no part of same has been paid, except the sum of $785; that, although often demanded, the defendants refuse to pay the same. Wherefore," etc. The contract was executed on September 10, 1903. The complaint was filed February 11, 1904. A general demurrer was filed to the complaint, which was overruled, and trial had, resulting in a verdict for the plaintiff in the sum of $779.08.

*M. J. Kane* and *Gilbert & Bond,* for plaintiffs in error.

*E. E. Morris* and *C. E. Davis,* for defendant in error.

CLAYTON, J. (after stating the facts as above). The demurrer to the complaint should have been sustained. The complaint and the contract sued on show that the land, which is in the Chickasaw Nation, had not yet been allotted at the time the contract was made. Act Cong. June 28, 1898, c. 517, § 29, 30 Stat. 507, provides: "That all contracts looking to the sale or incumbrance of any of the land of an allottee, except the sale heretofore provided, shall be null and void." Act July 1, 1902, c. 1362, 32 Stat. 642, provides as follows: "Lands allotted to members and freedmen shall not be affected or encumbered by any deed, debt or obligation of any character, contracted prior to the time at which said land may be alienated under this act; nor shall said land be sold except as herein provided." There is no provision for any such sale as called for by the contract in this case, and therefore the contract sued on was void. Until the land was allotted, and the period of restrictions upon alienation of one, three, and five years had expired, a person who is not a citizen of an Indian tribe has no authority to purchase or sell Indian lands. Hubbard vs Chism (Ind. Ter.)

82 S. W. 687; Rogers vs Hill, 3 Ind. Ter. 562, 64 S. W. 536; Casteel vs McNeeley, 4 Ind. Ter. 1, 64 S. W. 594.

Inasmuch as the contract sued on was void, the complaint did not state a cause of action, and the demurrer should have been sustained.

Reversed and remanded.

GILL, C. J., and TOWNSEND and LAWRENCE, JJ., concur.