## MUSKOGEE LAND CO. v. MULLINS.

(Circuit Court of Appeals, Eighth Circuit. November 20, 1908.)

### No. 2,742.

1. EVIDENCE (§ 437*)—PAROL EVIDENCE TO INVALIDATE WRITTEN INSTRUMENT—ILLEGALITY.

Parol evidence is always competent to show that a written contract, fair and lawful on its face, is in truth contrary to law, morals, or public policy.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2027-2029; Dec. Dig. § 437.*]

2. TRIAL (§ 141*)—DIRECTION OF VERDICT.

Where there is no substantial conflict in the evidence, the disposition of the case becomes a matter of law for the court.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 336; Dec. Dig. § 141.*]

3. INDIANS (§ 16*)—LANDS—VALIDITY OF LEASE.

Under Act June 30, 1902, c. 1323, § 17, 32 Stat. 504, which provides: "Creek citizens may rent their allotments for strictly nonmineral purposes for a term not to exceed one year for grazing purposes only and for a period not to exceed five years for agricultural purposes. * * * Any agreement or lease of any kind or character violative of this paragraph shall be absolutely void and not susceptible of ratification in any manner, and no rule of estoppel shall ever prevent the assertion of its invalidity" —a lease for two years of such allotted lands, purporting to be for agricultural purposes, but shown to have been in fact for grazing purposes, although not made by the allottees, but by one claiming under them, is void, and its validity may be denied by the lessee.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 45; Dec. Dig. § 16.*]

In Error to the United States Court of Appeals in the Indian Territory.

See 104 S. W. 586.

N. B. Maxey (Charles F. Runyan, on the brief), for plaintiff in error.

Robert F. Blair, for defendant in error.

Before HOOK and ADAMS, Circuit Judges, and AMIDON, District Judge.

ADAMS, Circuit Judge. This was an action brought by the Muskogee Land Company against the defendant to recover rent for certain premises reserved to it by the terms of a written lease. Defendant remained in possession one year out of the term of two years created by the lease, and refused to occupy the premises or pay rent for the second year. To recover this rent was the object of this suit. The court directed a verdict for defendant. Was that error?

The defense was that the lease is void, because in violation of section 17 of the act of Congress of June 30, 1902 (32 Stat. 504, c. 1323), which is as follows:

"Creek citizens may rent their allotments for strictly nonmineral purposes for a term not to exceed one year for grazing purposes only and for a period

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

not to exceed five years for agricultural purposes. * * * Any agreement or lease of any kind or character violative of this paragraph shall be absolutely void, and not susceptible of ratification in any manner, and no rule of estoppel shall ever prevent the assertion of its validity."

The land company held the premises under some kind of right derived from allottees of the Creek Nation, the terms and conditions of which do not clearly appear in this record. It made a lease to Mullins, on its face purporting to be for agricultural purposes; but Mullins contends that its real purpose was to enable him to make use of the demised premises, in violation of law, for grazing purposes only. The land company contends that the face of the lease expressed the truth, and that the real purpose of the parties was to create in the lessee a lawful term of two years for agricultural purposes only.

On this controlling issue of fact the writing is not conclusive. Parol evidence is always competent to show that a written contract, fair and lawful on its face, is in truth contrary to law, morals, or public policy. Lingle v. Snyder, 87 C. C. A. 529, 160 Fed. 627. We have carefully examined the evidence preserved in the record, and are irresistibly brought to the conclusion that the lease in question was a subterfuge made to circumvent the law. There is no substantial conflict in the proof. It admits of only one reasonable interpretation and conclusion. In such circumstances the disposition of the case upon the evidence became a question of law for the court. Bell v. Carter (C. C. A.) 164 Fed. 417.

We are unable to agree with the interpretation placed on the act of Congress by the land company, to the effect that its lessors, the Creek citizens, alone could avoid the lease for illegality. The act of Congress inaugurated a public policy specially applicable to wards of the Nation, as the Indians, even after allotment, are held to be; and it is our duty to so apply the law as to subserve that policy so far as we may lawfully do so. The act in question is couched in emphatic and comprehensive language. It declares "any agreement or lease of any kind or character violative * * * shall be absolutely void." Either intentionally or unintentionally proof was not made of the terms of the contract or lease between the Creek citizens and the land company. Accordingly we are at liberty to draw inferences unfavorable to the party claiming under it and whose duty it was to make a showing of its contents. If the lease now in controversy between the land company and Mullins was not authorized by the owners of the land the Creek citizens, in their contract with the land company, it was unwarranted, and constituted a violation of the spirit of the act of Congress in question. If it was authorized by them it constituted a violation of the letter of the law and is void. No mere circumlocution can be permitted to accomplish an ulterior and unlawful purpose. The general rule invoked by the land company prohibiting a tenant from denying the title of his landlord has no application to this case. The act of Congress which alone authorized any lease of the lands of Creek citizens prohibited leasing for grazing purposes for terms in excess of one year, and by way of emphasizing and making effectual the declared public policy it in express terms took away resort to

estoppel or ratification as a protection to one seeking to evade its provisions. It enacts that:

"Any agreement or lease of any kind or character violative of this paragraph shall be absolutely void and not susceptible of ratification in any manner and no rule of estoppel shall ever prevent the assertion of its invalidity."

Nothing can be plainer than that an intentional violator of the law cannot invoke the equitable principle of estoppel for the purpose of protecting him in such violation. Defendant, therefore, is not estopped from denying the validity of his landlord's title, or from asserting the invalidty of his contract as actually made with the land company.

The conclusions already stated render the consideration of the question whether the natural guardian or father of Indian children can lease their allotments unnecessary. Even if we were disposed to decide this question, the facts disclosed by the record are too meager to permit us to do it in this case.

The trial court committed no error in directing a verdict for defendant, and the judgment of the United States Court of Appeals in the Indian Territory, affirming that of the trial court, is accordingly affirmed.