### COMBS *et al.* v. MILLER.

No. 208.    Opinion Filed July 13, 1909.

(103 Pac. 590.)

BILLS AND NOTES—Illegal Consideration—Possessory Rights to Indian Lands. In an action on a promissory note dated September 17, 1903, wherein the answer sets up as a defense that the same was given for the right of possession only of a tract of land belonging in common to the Chickasaw and Choctaw Tribes of Indians, on which plaintiff was a trespasser, that he was at that time a member of the Choctaw Tribe of Indians and was holding more land in his possession than he was allowed by law, and the said land was in excess of his share of allotable land and of his allotment, and that he was holding the same as against defendants who were members of the Choctaw Tribe of Indians, states a good defense, and it is error to sustain a demurrer thereto.

(Syllabus by the Court.)

*Error from District Court, Choctaw County; D. A. Richardson, Judge.*

Action by J. H. Miller against Ed Combs and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

*I. L. Strange,* for plaintiff in error, citing: *McLaughlin v. Ardmore Loan and Trust Co.,* 21 Okla. 173; *Fisk v. Arnold* (Ind. T.) 104 S. W. 824.

*B. D. Jordon,* for defendant in error.

DUNN, J.   February 7, 1908, J. H. Miller filed suit against Ed and Sarah Combs to recover judgment upon a promissory note dated September 17, 1903. Defendant filed answer as follows:

"Defendants state: That the supposed promissory note herein sued on in the petition mentioned was for the payment of the right to possession only of a certain tract of land, lying and being in the Choctaw Nation, Indian Territory, more particularly described and known as the 'Sim Casey,' or the old 'Jim Colbert' place; the same being located about two miles north of Old Goodland, Choctaw Nation, Indian Territory. That, at the time plaintiff sold defendants the right to possession to said tract of land, the plaintiff had no right, title, or interest in and to said tract of land or to the possession thereof, but that the said tract of land belonged in common to the Chickasaw and Choctaw Tribes of Indians, and that the plaintiff was a trespasser on the said tract of land, in that plaintiff, being a citizen of the Choctaw Nation and a member of the Choctaw Tribe of Indians and entitled to his *pro rata* allotment of lands, he at that time held more land in his possession than he was by law allowed, and this particular tract of land was in excess of his share of allottable land and of his allotment; he then and there holding the same in violation of the law, as against these defendants, who are also members of the Choctaw Tribe of Indians."

To this a demurrer was filed by counsel for plaintiff, and sustained. Judgment was rendered in favor of plaintiff, and motion for new trial filed, overruled, and exception saved, and the case lodged in this court for review by petition in error and case-made.

It is the insistence of counsel for defendants that the court

Vol. 24—37

erred in sustaining the demurrer to defendants' answer above set out. In our judgment this position is well taken. The principle involved in this case was passed upon by this. court in the case of *McLaughlin v. Ardmore Loan & Trust Co.,* in an opinion prepared by Justice Turner, 21 Okla. 173, 95 Pac. 779. In discussing that case, which was likewise predicated upon a promissory note, the consideration of which was an excess holding of land belonging to the Choctaw Tribe of Indians, Justice Turner said:

"The question for us to determine is whether there appears in this transaction such a consideration as will support an express promise to pay. By virtue of the terms of Act Cong. July 1, 1902, c. 1362, § 19, 32 Stat. 643, ratified September 25, 1902, plaintiff in error lost the right of possession of the lands attempted to be conveyed to defendant in error, the price of which furnished the consideration of the note sued on. By that act such right of possession went back into the tribe by operation of law. It follows that at the time of this transaction the payee had nothing in these lands which he could convey to a citizen of the Choctaw Nation, much less a citizen of the United States, or to a corporation organized under its laws, such as is defendant in error. *Turner v. Gilliland,* 4 Ind. T. 606, 76 S. W. 253; *Ikard v. Minter,* 4 Ind. T. 214, 69 S. W. 852; *Holford v. James,* 4 Ind. T. 636, 76 S. W. 263."

The answer in this case specifically alleges: That the tract of land belonged in common to the Chickasaw and Choctaw Tribes of Indians, and the plaintiff was a trespasser thereon; that he was a member of the Choctaw Tribe of Indians, and at the time he sought to transfer the possession of the tract in question he held more land in his possession than he was by law allowed; and that the possession of the tract in question was illegal and forbidden by law. Sections 19 and 21, c. 1362, 32 Stat. 643, Act July 1, 1902.

The Supreme Court of California, in the case of *Swanger v. Mayberry,* 59 Cal. 91, cited approvingly and quoted from in the case of *McLaughlin v. Ardmore Loan & Trust Company, supra,* said:

"Being an act forbidden by law, a contract founded upon it is invalid, and cannot be made the subject-matter of an action. The general principle is well established that a contract founded

on an illegal consideration, or which is made for the purpose of furthering any matter or thing prohibited by statute, or to aid or assist any party therein, is void. This rule applied to every contract which is founded on a transaction *malum in se,* or which is prohibited by statute, on the ground of public policy. *Ladda v. Hawley,* 57 Cal. 51; *Warren v. Manufacturers' Ins. Co.,* 13 Pick. (Mass.) 521, 25 Am. Dec. 341; *Holt v. Green,* 73 Pa. 198, 13 Am. Rep. 737; *Woods v. Armstrong,* 54 Ala. 150, 25 Am. Rep. 671."

The judgment of the trial court is, accordingly, reversed, and the case remanded, with instructions to set it aside and grant defendants a new trial herein.

Hayes, Turner, and Williams, JJ., concur; Kane, C. J., absent and not sitting.