## ST. LOUIS, I. M. & S. RY. CO. v. HARDWICK *et al.*

### No. 1053. Opinion Filed March 21, 1911.

### Rehearing Denied May 9, 1911.

#### (115 Pac. 471.)

1. **JUDGMENT—Pleading—Default—Absence of Plaintiff.** It not appearing that the court below abused its discretion in granting a recess on the motion of the plaintiffs, and in permitting them to amend their pleadings after the evidence was all in, held not error.

2. **APPEAL AND ERROR—Review—Sufficiency of Evidence.** Evidence examined, and held to reasonably sustain the verdict.

(Syllabus by the Court.)

*Error from Sequoyah County Court.*

Action by Thomas and John Hardwick against the St. Louis, Iron Mountain & Southern Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Lovick P. Miles* and *Vincent M. Miles,* for plaintiff in error. *Jo Johnson,* for defendants in error.

KANE, J. This was an action, commenced before a justice of the peace, to recover the value of some corn and fodder belonging to the plaintiffs, defendants in error here, alleged to have been destroyed by fire set by sparks from one of the locomotives of the defendant company. The bill of particulars alleged that the defendant destroyed 100 bushels of corn, worth $100, and 700 bundles of fodder, worth $42. There was judgment in favor of

the plaintiffs for $114, from which judgment the defendant appealed to the county court. After the evidence was all in, the county court permitted the plaintiffs to amend their pleadings by alleging a loss of corn and fodder in the sum of $328, and thereupon entered judgment in favor of plaintiff in the sum of $222.50. To reverse this judgment, this proceeding in error was commenced.

The grounds upon which it is claimed the judgment should be reversed are: (1) That said court erred in granting recesses from 11 a. m. until 1:30 p. m., and from 3 p. m. to 5:30 p. m., to allow plaintiffs to reach the town of Sallisaw. (2) The court erred in permitting defendants in error to amend their petition after the evidence was all in. (3) The verdict is excessive.

We are not prepared to say that the court below abused its discretion in giving the plaintiffs an opportunity to be present, and permitting them to amend their pleadings to conform to the evidence. Plaintiffs were entitled to their day in court, and it was not mandatory upon the court, upon their failure to arrive at the exact hour set for the trial, to proceed and render judgment against them by default.

We think there is evidence reasonably tending to sustain the amount of recovery. It is true the evidence as to the value of the corn is very conflicting, and the court might very well have found for a smaller amount; but at least some witnesses testified to values upon which the finding of the court might very well have been placed. The rule is that, when there is evidence reasonably tending to support the findings of fact of a court or the verdict of a jury, they will not be disturbed by this court on appeal.

Finding no reversible error in the record, the judgment of the court below is affirmed.

All the Justices concur.