# COLEY v. JOHNSON.

No. 1567.    Opinion Filed February 6, 1912.

(121 Pac. 271.)

**PLEADING**—Amendment—Conformity to Proof.    When evidence has been offered without objection, and one of the parties thereafter makes application for leave to amend his pleadings to correspond with this proof, and it does not appear that there was any surprise or prejudice to the other party, the ruling of the court in granting this application will not be reversed.

(Syllabus by Ames, C.)

*Error from District Court, Atoka County;*
*A. T. West, Judge.*

Action by S. B. Coley against R. H. Johnson to cancel a conveyance of real estate by the defendant to the plaintiff and to recover the purchase price. Judgment for defendant, and plaintiff brings error. Affirmed.

*Jas. H. Chambers,* for plaintiff in error.

*D. H. Linebaugh,* for defendant in error.

Opinion by AMES, C. This suit was instituted in the Indian Territory prior to statehood, and in the original petition the plaintiff sought to cancel a conveyance of real estate to him by the defendant, and to recover the purchase price which he had paid to the defendant. The ground of cancellation alleged was that the defendant was guilty of fraud in the procurement of the contract, in that he had pointed out to the plaintiff wrong boundaries and had conveyed different land from that which he had shown the plaintiff. After statehood the plaintiff filed an amended petition, in which, in addition to the averments of the original petition, he alleged that since the filing of the original petition he had discovered that the land was the allotment of certain Choctaw allottees, and that the defendant, at the time of the conveyance, had no title, and that, therefore, the deed was

void. At the trial evidence was offered by the plaintiff and the defendant upon the averment of fraud, and the plaintiff offered some evidence tending to support his averment that the defendant had no title. This evidence was by the court excluded. Over the objection of the plaintiff, the defendant was given leave to amend his answer, by stating there had been a typographical mistake in the deed which he had executed, by which ten acres of the land conveyed was described in a certain quarter section, when it should have been in another. These are the errors assigned.

As to the ruling of the court in granting leave to the defendant to amend by showing an error in the description, it is sufficient to say that this application was made after evidence to that effect had been offered without objection, and also that there is no showing of any surprise, nor was there any request for a continuance, nor is there any evidence in the record indicating that this ruling substantially prejudiced the plaintiff. The issue of fraud was submitted to the jury, there is no complaint about the instructions, the jury found for the defendant, and we see no reason for disturbing the verdict on that point. The issue raised concerning the title to the land was not tried in this proceeding, all evidence pertaining thereto being excluded. It is a separate and distinct issue from the one of fraud, and any right the plaintiff may have by reason of this issue can be tried in some other proceeding, if he desires to institute one; and we therefore think the judgment of the trial court should be affirmed, without prejudice to any right which the plaintiff may assert because of his claims with reference to the title.

By the Court: It is so ordered.