## AMERICAN WAREHOUSE CO. *et al.* v. GORDON.

No. 3206.   Opinion Filed October 14, 1913.

Rehearing Denied March 10, 1914.

(139 Pac. 123.)

1.  **PLEADING**—Amendment. Amendment of pleadings in further-ance of justice may be allowed during the trial, when such amend-ment does not substantially change the cause of action or defense.

2.  **SAME.** In an action for conversion, where the answer is a general denial, and during the course of the trial evidence, tending to show the purchase of the property charged to have been con-verted and payment, is offered and excluded because not within the issues, and application is then made to the court for permission to amend the answer so as to plead purchase and payment, held, that it is error to deny such application to amend.

(Syllabus by Galbraith, C.)

*Error from County Court, Ellis County;*
*A. L. Squire, Judge.*

Action by R. C. Gordon against the American Warehouse Company and W. C. Warren. Judgment for plaintiff, and de-fendants bring error. Reversed and remanded.

C. B. Leedy, J. G. Aubuchon, and Perry J. Morris, for plaintiffs in error.

Opinion by GALBRAITH, C.  This was an action commenced in the county court of Ellis county for the recovery of $177.65, the alleged value of 2,090 pounds of broom corn charged to have been wrongfully converted by the defendants. The petition contained the usual allegations of ownership in the plaintiff, and the wrongful taking and conversion of the property by the defendants, without his knowledge or consent, and the reasonable value of the property.  The defendants answered by a general denial.  One of the counsel for the defendants, in his statement to the jury, said:

"The defendants in this case answer by a general denial and will offer to show and prove that they have a contract with the plaintiff in this case, R. C. Gordon, to deliver his corn to the defendants at $105 per ton, and that they advanced one check for $25 and another check for $125; that the advanced payments have never been taken out ,and that we are entitled to a credit of $125, and that at the price of corn and the contract the plaintiff in this case will owe us $15.15.  I think that is about the facts in this case."

During the course of the trial, when the court excluded evidence offered relative to the contract of purchase and the advance payments on the ground that payment could not be shown under the general denial, counsel for the defendants then made application to the court for leave to amend their answer so as to allege the defense as outlined in the statement to the jury above set out, and to plead that the defendants entered into a contract with the plaintiff on the 9th day of October, 1909, under the terms of which the plaintiff agreed to sell and did sell to the defendants his entire crop of broom corn for that year, to be delivered at the town of Arnett, at the agreed price of $105 per ton, and that the 2,090 pounds of corn charged to have been converted by the defendants, as set out in plaintiff's petition, was delivered under this contract, and that the advances had been made on this corn, $25 at one time and $100 at another, and that these advances had never been returned or settled for, and that the sum of them exceeded the price of

the 2,090 pounds of corn in the sum of $15.15, and that the sum last named was due the defendants from the plaintiff. Objection to the allowance of this amendment was made by counsel for the plaintiff and sustained by the court, and exceptions saved by the defendants.

The defendants assign as one of the grounds for their motion for new trial this ruling of the court denying them permission to amend their answer, and one of the assignments urged on appeal is the overruling of the motion for a new trial. While there are other assignments of error set out in the petition in error, it will be unnecessary to examine them, since the consideration of this assignment will dispose of the appeal.

The rule is well established in this jurisdiction that an application to amend a pleading is addressed to the sound discretion of the trial court, and that the ruling thereon will not be disturbed in this court, unless it appears from the record that the discretion vested in the trial court has been abused. The right to grant or deny the application to amend is vested in the trial court by section 4790 of the Civil Code, which has been many times construed by this court. See *Ball v. Rankin et al.,* 23 Okla. 801, 101 Pac. 1105, where the judgment of the district court was reversed for denying an application to amend the pleading. See, also, *Robinson & Co. v. Stiner,* 26 Okla. 272, 109 Pac. 238, where the judgment of the trial court was reversed for the same reason. See, also, *Alcorn et al. v. Dennis,* 25 Okla. 135, 105 Pac. 1012; *St. L., I. M. & S. Ry. Co. v. Hardwick et al.,* 28 Okla. 577, 115 Pac. 471; *Derr Construction Co. v. Gelruth,* 29 Okla. 538, 120 Pac. 253; *Trower v. Roberts,* 30 Okla. 215, 120 Pac. 617; *Coley v. Johnson,* 32 Okla. 102, 121 Pac. 271.

To be sure, the one limitation placed on the right to amend by the statute is that the proposed amendment shall not substantially change the cause of action or the defense. This limitation is recognized in all of the above cases. The amendment which the defendants asked permission to make in the instant case was within this limitation. The defendants were charged with wrongfully taking the plaintiff's property and converting it to their own use. By their answer they denied this. To show

that they purchased and paid for the property did not substantially change the defense.

If it were true, as contended by the plaintiffs in error, that they had more than paid for the property that they were charged with converting, it is clear that an injustice was done them by the refusal of the trial court to permit them to amend their answer so as to allege these facts. The statement of. counsel for the defendants to the jury indicates that they were laboring under the belief that proof of payment might be shown under the general denial. Assuming, without deciding, that the trial court was right in holding that they were mistaken in this belief, still, under the liberal construction of the statute permitting amendment to pleadings in the interest of justice, the defendants should not have been denied the right to amend their pleadings so as to enable them to make their defense at the trial. It is true that the trial court might have imposed terms, or conditions, upon which he would permit the answer to be amended, as he had a right to do under the statute, but to refuse absolutely the right to amend and thus cut off the right of the defendants to make their defense was an abuse of discretion, vested in the trial court, for which the judgment appealed from should be reversed, and a new trial granted.

By the Court: It is so ordered.