## PRUITT v. CARTER (two cases).

No. 5125.    Opinion Filed November 9, 1915.

(152 Pac. 1081.)

1.  **EVIDENCE—Landlord and Tenant—Judicial Notice—Farm Leases—Crop Rent.** Rents for use of agricultural lands, payable in a stipulated share of the crop grown thereon, are due and payable when the crop matures and is ready for harvesting or market. It must therefore follow that it was unnecessary to allege and prove such a custom, because the court will take knowledge of one of such universal existence.

2.  **LANDLORD AND TENANT—Farm Leases—Actions—Defenses.** The proof is overwhelming that the plaintiffs in error leased the land from the defendant in error, and the court so found; and if a condition existed which should have defeated his recovery, it not being shown in the petition, it was the duty of the plaintiffs in error to allege and prove same.

3.  **PLEADING—Amendments—Trial—Evidence.** Where the original petition charged an indebtedness of $425 as being the reasonable value of the rents, during the progress of the trial. counsel was given permission to amend his petition to conform to the amount proven by the evidence of the plaintiffs in error, which was not excepted to; but, had an exception been taken, the amendment being in furtherance of justice under the facts in the case, it would not have been error. The amendment did not substantially change the cause of action or defense, and was proper.

(Syllabus by Watts, C.)

*Error from District Court, Jefferson County;*
*Frank M. Bailey, Judge.*

Actions by W. F. Carter against J. C. Pruitt and against W. A. Pruitt, consolidated for trial. Judgment for plaintiff, and defendants bring error. Affirmed.

*H. A. Ledbetter,* for plaintiffs in error.

*Guy Green,* for defendant in error.

Opinion by WATTS, C. This case comes from the district court of Jefferson county, wherein defendant in error, on October 5, 1912, sued plaintiffs in error, J. C. Pruitt (case No. 2011) and W. A. Pruitt (case No. 2012). By agreement the cases were consolidated and tried to the court without the intervention of a jury. The petitions and affidavits are drawn under the landlord and tenant statute, and are almost identical in form, except as to amounts of indebtedness claimed. The petitions charge, substantially, ownership of the land and specific amounts of indebtedness; that verbal contracts were entered into with each of the plaintiffs in error, in the months of December, 1911, and January, 1912, respectively, whereby certain lands were let to each of plaintiffs in error for agricultural purposes for the year of 1912, and by the terms thereof they were to pay the usual crop rent of one-third of the corn, one-fourth of the cotton, and one-third of all other crops raised; further charging a disposal of the crops and a refusal to pay rents after demand; praying attachment, judgment, etc. The respective answers to the petition are general denial, specific denial as to rental contracts, and cross-petition for damages for unlawfully suing out the attachments. The petition nowhere charges, nor does the evidence show, when the rents became due. After the conclusion of the evidence the court gave judgment for defendant in error. Motions for new trial were denied, and plaintiffs in error appeal, assigning and relying upon the following as error:

(1) "The court erred in overruling the motion of plaintiffs in error for new trial."

(2) "In forcing the plaintiffs in error to trial and refusing to continue said cause until a year had expired

from the time of the making of the alleged contracts sued upon by the defendant in error."

(3) "In refusing to sustain a demurrer to the evidence at the close of the testimony on the part of the defendant in error."

(4) "The judgment is contrary to the evidence."

1. In support of the second assignment counsel cite Snyder's Comp. Law 1909, sections 4101, 4102, 5753, 5754, and 1176, the first four of which are subsidiary to the latter section; we quote:

"When there is no contract or usage to the contrary, the rent of agricultural and wild land is payable yearly, at the end of each year. * * *"

But the petitions charge an oral contract, and the court so found, and it cannot be contended that it is not a universal custom that, where rents are payable in portion of the crops, same are due when mature and ready for market. In *Crump v. Sadler et al.*, 41 Okla. 26, 136 Pac. 1102, this court has announced the rule:

"Rent for use of agricultural lands, payable in a stipulated share of the crop grown thereon, is due and payable when the crop matures and is ready for harvesting or market."

It must therefore follow that it was unnecessary to allege and prove such a custom, because the court will take knowledge of one of such universal existence. In 22 Ency. P. & P., p. 405, it is said:

"As a rule, a general custom or a usage of universal prevalence need not be pleaded in order to be proved."

And (*Id.* 406):

"Numerous cases, indeed, hold that such usage or custom becomes a part of the existing law and will be

judicially noticed by the courts, and that proof thereof
is not only unnecessary, but is improper."

2.   In support of the third assignment counsel says:

"Now, Mr. Carter, in his petition in the two con-
solidated cases, alleged that he was the legal and equita-
ble owner of the land, by reason of being the lessee.   It
is presumable that he was claiming it from some Indian
allottee, and the plaintiffs in error objected to any testi-
mony as to the rental value of the land until it was first
proven that the defendant in error had some connection
with the Indian allottee of the land.   The defendant in
error alleged that he was the legal and equitable owner
of the rents by reason of having a right to the land, and
why he should not be compelled to prove this we are un-
able to say.   No doubt the defendant in error went upon
the theory that the tenants (who are the plaintiffs in
error) could not deny his title, and that when he estab-
lished his rental verbal contract this was sufficient.   This
doctrine, if insisted upon, is erroneous.   See *Muskogee
Land Co. v. Mullins,* 165 Fed. 179, 91 C. C. A. 213, 16
Ann. Cas. 387; *McGreevy v. Macklin et al.,* 12 Okla. 666,
73 Pac. 293.   We maintain that the presumption is that
the land outside of the incorporated towns on the Indian
Territory side of the state was allotted to some member
of the Five Civilized Tribes; and we maintain also that,
when a person sues for rent or for possession of land, the
person thus suing must connect himself in some way with
this Indian allottee, and that until such a person does so
connect himself with such Indian allottee he has no right
of action against another."

And counsel cites *Hubbard v. Chism,* 5 Ind. T. 95, 82
S. W. 686; *Kelly v. Harper,* 7 Ind. T. 541, 104 S. W. 829;
*Harper v. Kelly,* 29 Okla. 809, 120 Pac. 293; *McLaughlin
v. Ardmore Loan & Trust Co.,* 21 Okla. 173, 95 Pac. 779.
To which we add *Combs et al. v. Miller,* 24 Okla. 576, 103
Pac. 590.   Counsel further states:

"Under these authorities we say the defendant in error, having failed to connect himself with the Indian allottee, and having failed to show that he had a right to the possession of the land, the trial court should have directed a verdict in favor of the plaintiffs in error. The defendant in error failed to prove facts sufficient to entitle him to a judgment in these cases; and we therefore submit that our fourth assignment of error in the two consolidated cases should be sustained."

The authorities cited by counsel, as well as many others along the same line, not necessary to mention, arose in the Indian Territory days, when the titles of the lands were held by the respective tribes in common. An examination of the cases cited will show that the losing party in each instance alleged, or there was alleged, as a reason why he should not recover, a state of facts prohibited by statute, which condition in the case at bar, if true, is not shown by the pleadings or evidence. Under the law governing the cases cited the court could not presume title to the lands in non-citizens of the respective tribe, but since the common title has given way to individual ownership and each member of the tribe has become seised in fee of his equal proportion, the former presumption does not necessarily exist. The proof is overwhelming that the plaintiffs in error leased the land from the defendant in error, and the court so found, and if a condition existed which should have defeated his recovery, it not being shown in the petition, it was the duty of plaintiffs in error to allege and prove same.

3. Neither can the last contention be sustained. While the original petition in No. 2012 only charged an indebtedness of $425 as being the reasonable value of the rents, during the progress of the trial counsel was

given permission to amend his petition to conform to the amount proven, which was not excepted to by plaintiff in error W. A. Pruitt; but, had he excepted, the amendment being in furtherance of justice under the facts in this case, it would not have been error. Plaintiff in error W. A. Pruitt was the only witness who gave evidence as to the value of the crop he had gathered and sold, and no doubt knew the amount of the rents he owed. The amendment did not substantially change the cause of action or defense, and was proper. *American Warehouse Co. v. Gordon,* 41 Okla. 618, 139 Pac. 123.

Therefore, finding no error, we recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.