## OKLAHOMA, K. & M. R. CO. v. WILSON.

No. 10307—Opinion Filed Nov. 15, 1921.

Rehearing Denied Dec. 13, 1921.

(Syllabus.)

1. **Pleading—Allowance of Trial Amendments—Negligence.**

In an action for damages for personal injuries the insertion of additional allegations of negligence in the petition during the progress of the trial does not change substantially the plaintiff's claim within the meaning of section 4790, Rev. Laws 1910.

2. **Pleading—Amendment Favored.**

Amendments are favored in our procedure, and in the furtherance of justice amendments generally should be allowed.

3. **Same—Railroads—Personal Injuries at Crossing—Sufficiency of Evidence.**

Record examined, and held: (1) That the trial court did not err in allowing the plaintiff to amend his petition during the progress of the trial; (2) that the verdict of the jury and the judgment rendered thereon are amply sustained by the evidence.

4. **Negligence — Contributory Negligence — Question for Jury.**

Under section 6, art. 3, Williams' Constitution, where the evidence reasonably tends to show primary negligence on the part of the defendant, whether there was contributory negligence on the part of the plaintiff is a question of fact for the jury.

5. **Appeal and Error—Harmless Error.**

The remaining assignments of error complain of either instructions given or instructions refused by the court or of error in the introduction of incompetent and prejudicial testimony over the objection of the defendant. Of these assignments of error it is sufficient to say that we have examined the record carefully and are convinced that they are either without merit or are harmless under section 6005, Rev. Laws 1910.

Error from District Court, Ottawa County; Preston S. Davis, Judge.

Action by A. P. Wilson against the Oklahoma, Kansas & Missouri Railway Company for damages for personal injuries. Judgment for plaintiff, and defendant brings error. Affirmed.

Arthur Miller and E. S. Bessey, for plaintiff in error.

Smith & McGhee, for defendant in error.

KANE, J. This was an action for damages for personal injuries, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court.

It appears that while the plaintiff and three other persons, including the driver, were traveling in a Ford runabout driven by the owner of the car, Roy McGhee, the accident occurred at a grade crossing. The original petition alleged, in substance, that while the plaintiff was thus riding, on a sightseeing trip as the guest of Roy McGhee and wife, the defendant negligently ran one of its heavy passenger motor cars across said grade crossing at a dangerous rate of speed and negligently omitted to ring the bell or sound the whistle or give any other alarm of the approach of the motor passenger car. In the course of the trial the plaintiff was permitted to amend his petition by alleging that the defendant maintained no warning

signboard at said crossing, and that the motor passenger car did not display a headlight on the night of the collision.

The answer was a general denial of negligence charged and allegations to the effect that the injury complained of was due to the fault and negligence of the plaintiff himself, and that the driver carelessly and negligently drove said automobile onto the tracks of the defendant when said motor passenger car was rapidly approaching the crossing, and that the plaintiff and driver saw the motor car approaching, and that when the plaintiff and driver attempted to cross the tracks and when the danger became apparent to the operators of the motor passenger car, it was then impossilbe for them to avert the accident. The reply was a general denial.

Upon trial to a jury there was a verdict in favor of the plaintiff, to reverse which this proceeding in error was commenced.

Counsel for defendant present their grounds for reversal in their brief under various assignments of error which may be summarized as follows:

(1) The court erred in permitting plaintiff during the course of the trial to amend his petition, making a new issue: First, as to whether or not there was a warning sign at the crossing; and, second, as to whether or not there was a headlight.

(2) The evidence disclosed no convincing testimony that the defendant was negligent; in that event there could be no contributory negligence and the request of the defendant for an instructed verdict should have been allowed.

(3) The court erred in his instructions to the jury.

(4) The court erred in permitting the introduction of incompetent and prejudicial testimony over the objection of the defendant.

(5) The court erred in overruling the defendant's motion for a new trial.

The first assignment of error is predicated upon the assumption that the amendment of the petition in the particulars hereinbefore pointed out changed substantially the plaintiff's claim. We do not understand that in actions like this the insertion of additional allegations of negligence in the petition by amendment during the progress of the trial changes substantially the plaintiff's claim in comtemplation of our statute on amendments (section 4790, Rev. Laws 1910), which provides:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment."

From this section it is obvious that amendments are favored in our procedure and in the furtherance of justice amendments generally should be allowed. Amendments of pleadings have been allowed under the foregoing section of the statute in almost every conceivable circumstance, as an examination of the following cases will show: Am. Warehouse Co. v. Gordon, 41 Okla. 618, 139 Pac. 123; Jones v. Citizens' State Bank, 39 Okla. 393, 135 Pac. 373; Amazon Fire Ins. Co. v. Bond, 65 Okla. 224, 165 Pac. 414; Lusk et al. v. Phelps, 71 Oklahoma, 175 Pac. 756; Jones v. Kress & Co., 54 Okla. 194, 153 Pac. 655; Shawnee-Tecumseh Trac. Co. v. Wollard, 54 Okla. 432, 153 Pac. 1189; Pruitt v. Carter, 52 Okla. 284, 152 Pac. 1080; also Ann. Cas. 1918B, 1171; 1916B, 581; 1916E, 460; 1917B, 1080; 1914C, 1025; 1913B,, 742; 1916B, 508; 'vol. 1, Am. & Eng. Ann. Cas 976; St. L. & S. F. R. Co. v. Long, 41 Okla. 177, 137 Pac. 1156; Z. J. Fort Pro. Co. v. S. W. Grain & Pro. Co., 26 Okla. 13; 108 Pac. 386.

On the question of the sufficiency of the evidence to sustain the charge of negligence against the defendant we are unable to agree with counsel. We have examined the record carefully, and are convinced that the evidence on this point reasonably tends to support the verdict of the jury and the judgment rendered thereon by the court.

There being evidence reasonably tending to show primary negligence on the part of the defendant, whether there was contributory negligence on the part of the plaintiff was a question of fact for the jury. Section 6, art. 3, Williams' Constitution; St. L. & S. F. Ry. Co. v. Hart, 45 Okla. 659, 146 Pac. 436; Dickinson, Rec., v. Cole, Adm'r, 74 Oklahoma, 177 Pac. 570, affirmed in C., R. I. & Pac. Ry. Co. v. Cole, Adm'r, 251 U. S. 54; Thrasher v. St. L. & S. F. Ry Co., 86 Okla. ——, 206 Pac. 212.

The remaining assignments of error complain either of instructions given or instructions refused by the court or of error in the introduction of incompetent or prejudicial testimony over the objection of the defendant. Of these assignments of error it is suf-

ficient to say that we have examined the record carefully and are convinced that they are either without merit or are harmless under section 6005, Rev. Laws 1910, which provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.