## C. F. COLCORD v. WILLIAM P. CONGER.

(Filed Sept. 5, 1900.)

1. SET-OFF—*Unadjudicated Sum.* An unadjudicated sum due on open account cannot on motion be set off against a judgment.

2. IMPEACHMENT—*Jurors Heard, When.* Upon grounds of public policy, jurors will not be heard by affidavit, deposition, or other sworn statement to impeach or explain their verdict, or show on what ground it was rendered, or that they made a mistake, or misunderstood the law or the result of their finding, or to show what items entered into the verdict or how they arrived at the amount. Jurors will only be heard in support of their verdict or conduct when same is attempted to be impeached.

3. COSTS—*Offer of Compromise—Defendant Must Pay, When.* By the provisions of sec. 339, Civil Code, where a defendant before trial files with the court and serves opposing counsel with notice of an offer to compromise and allow judgment to be rendered for a less sum than that claimed by the plaintiff, and said offer is not accepted, and the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's cost from the time of the offer. And as a general rule the defendant will not be permitted to throw the plaintiff into the costs by proof of an off-set purchased after the time of the offer to compromise, or by making payments after such offer. But where the demand sued on is the primary debt of another, and the plaintiff sues as assignee of the account without having become the owner of the entire account, and the person primarily liable pays off part of the account to the person originally entitled to it, and before the plaintiff had made payment to such person, such plaintiff is in no position to claim any exception from the rule prescribed for taxing costs.

(Syllabus by the Court.)

*Appeal from the Probate Court of Oklahoma County; before Asa Jones, Probate Judge.*

*Keaton & Kearful,* for appellant.

*Milton & Beaty,* for appellee.

Opinion of the court by

BURFORD, C. J.: The plaintiff, William P. Conger, sued Charles F. Colcord in the probate court of Oklahoma county for the sum of $188.14 on account, for board and lodging furnished, labor performed, and money expended for W. R. Colcord, the father of the defendant. One of the items embraced in the account was "To Mrs. Staats, 33 days nursing, $33.00." The petition was filed April 29, 1899. On May 10, 1899, Colcord filed with the court and served on counsel for plaintiff an offer to compromise by allowing judgment to be taken against him for the sum of $115.00. This offer was never accepted. The cause went to trial, and on September 29, 1899, judgment was rendered for Conger against Colcord for the sum of $111.95.

The facts appearing of record show that at the time Conger began his proceedings he had not paid Mrs. Staats for her services in nursing W. R. Colcord. In June, 1899, he gave her a check on the Bank of Commerce for the sum of $33.00, but the check had never been paid. On August 19, 1899, W. R. Colcord, for whom the services had been rendered, paid Mrs. Staats the $33.00 due her for services as nurse, and she assigned to him the check given her by Conger. The evidence is not in the record, and we are unable to say how much of this got before the jury on the trial of the cause. But it is stated in

the record that the court excluded the receipt from Mrs. Staats to W. R. Colcord, for the reason that the signature was not properly identified.

After judgment Colcord filed his motion to have this $33.00 set off against the judgment, and offered to show by the testimony of jurors that the item of $33.00 was included in the amount for which they rendered verdict. The court declined to hear the testimony of the jurors, and overruled the motion. Exception was taken, and this ruling is assigned as error.

We think the court committed no error in this ruling. We know of no rule of law that permits an open account to be set off against a judgment. If the claim of $33.00 belonged to C. F. Colcord and had been reduced to judgment, in a proper proceeding, the one judgment might be set off against the other.

There were no special findings of fact, and the judgment of the court became final and conclusive as to all matters properly within the issues and submitted to the jury, and the court had no power to reduce the judgment by afterwards allowing an item of set off which had never been reduced to a judgment.

Nor was there any error in refusing to permit the jurors to testify to the items which they included in their general finding. It is said in Thompson on Trials, Sec. 2618:

"Upon grounds of public policy, courts have almost universally agreed upon the rule that no affidavit, deposition, or other sworn statement of a juror will be received to impeach the verdict, to explain it, to show on what grounds it was rendered, or to show a mistake in it, or that they misunderstood the charge of the court, or that they otherwise mistook the law or the result of their

finding, or that they agreed on their verdict by average or lot."

And this statement is amply sustained by a multitude of authorities. In fact, the only courts, it seems, which have made exceptions to this rule, are the courts of Kansas, Iowa, and Tennessee, and they limit the inquiry to matters which do not inhere in the verdict.

The next contention is that the court erred in over-ruling the defendant's motion to tax the costs to the plaintiff, which were occasioned after he filed his offer to compromise and allow judgment for the sum of $115. The amount recovered was less than the sum for which he offered to let judgment be entered. The statute, sec. 539, civil code, authorizes this procedure, and provides:

"If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the de-dendant's costs from the time of the offer."

This provision is mandatory and contains no exception, and if applicable to the case presented is controlling. It is contended by defendant in error that this section can-not apply, for the reason that the defendant below, after making the offer to compromise, went out and bought up a portion of plaintiff's demand, in order to reduce his claim. If this contention is well founded, we have no doubt it would defeat the right of the defendant below to recover any costs. But is the plaintiff below in any position to urge this objection ' He filed his suit in April. He claimed a right to recover for the amount of the Mrs. Staats claim, $33.00. This claim was on the theory that he had paid her and become the assignee of her claim against Colcord. At that time he did not in fact own it, and so far as appears from the record, it is not clear that he ever owned it. After he had brought suit against

Colcord he gave Mrs. Staats a check for $33.00, which was never paid. Her demand was against W. R. Colcord and not against C. F. Colcord. Pending this action, W. R. Colcord paid her what he owed for her services as nurse, and as she no longer had any claim against him for her services, the plaintiff Conger as assignee could have no claim against C. F. Colcord. Conger was bound to prove a demand against C. F. Colcord for more than $115.00, otherwise he was liable for the costs he made after the date of the offer to compromise. In view of the facts here presented, we think Conger is not in a position to claim that he was imposed on or misled by the payment made to Mrs. Staats by W. R. Colcord. Conger was not the original owner of any portion of this account he claimed as assignee of one F. L. Conger, and there is nothing to show that Mrs. Staats ever assigned her claim to F. L. Conger.

We think the court erred in the taxing of the costs. The plaintiff Conger should pay the defendant's costs incurred after May 10, 1899, and it was error to overrule the motion to retax costs.

The order overruling the motion to retax costs is reversed and cause remanded with directions to sustain said motion, and retax the costs in accordance with this opinion. It is further ordered that the defendant in error pay the costs in this court.

All of the Justices concurring, except McAtee, J., who was not present