JAKE BARNES v. TERRITORY OF OKLAHOMA.

(Filed September 5, 1907.)

(91 Pac. 848.)

1.  CRIMINAL LAW—Verdict—Impeachment by Juror. Upon the trial of a criminal cause, a juror who participates in the verdict will not be permitted to impeach his verdict by affidavit, deposition, or sworn statement. Public policy forbids that a juror should be heard to discredit his verdict.

2.  SAME—Remarks by Judge—Harmless Error. An erroneous statement of the law, made by the trial judge in a colloquy with counsel during the argument to the jury, will not be sufficient grounds upon which to set aside the verdict, where it is obvious from the entire record that it could not have prejudicially influenced the verdict.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, Trial Judge.*

Affirmed.

*Chambers & Taylor,* for plaintiff in error.

*W. O. Cromwell, Att'y Gen'l, Don C. Smith, Ass't,* and *J. H. Cline, Ass't,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error, Jake Barnes, was jointly charged by information with one D. C. Stout with the the crime of carrying on certain gambling games. The case was tried to a jury, and Barnes was convicted and Stout acquitted. After judgment of conviction, Barnes filed his petition in error and case-made in this court.

There are but two alleged errors presented for our consideration. In support of his motion for new trial the defendant offered to prove by one of the jurors that after they had been considering the case a portion of two days and nights, and the jury had been balloting eleven for conviction and one for acquittal, it was agreed

by the jurors that they would all vote for acquittal of Stout, and all for conviction of Barnes, and that pursuant to such agreement they arrived at the verdict which was returned. The court excluded the offered evidence, and it is contended that this is error. This court settled this question adversely to the contention of plaintiff in error in the case of *Colcord v. Conger*, 10 Okla. 458, 62 Pac. 276, and there is nothing in this case that calls for a modification of the rule there stated. It is there stated in the syllabus: "Upon grounds of public policy jurors will not be heard by affidavit, deposition, or other sworn statement to impeach or explain their verdict, or show on what ground it was rendered, or that they made a mistake or misunderstood the law or the result of their finding, or to show what items entered into the verdict, or how they arrived at the amount. Jurors will only be heard in support of their verdict or conduct when the same is attempted to be impeached." At that time we stated that the only courts which had adopted a different rule were Kansas, Iowa, and Tennessee. To these should now be added Idaho. We are content with the rule as then stated, and adhere to it. There was no error in excluding the testimony of the jurors as to the manner in which they reached their verdict. The next contention of plaintiff in error is that the court, during the progress of the argument by counsel for the defendant, engaged in a friendly colloquy as to the law defining the crime for which the plaintiff in error was being tried, and in the course of such colloquy the trial judge made the statement in the presence of the jury "that it did not make any difference whether anything was played for or not, but under our statute faro, monte, poker, roulette and craps are absolutely prohibited, even though the games are played for fun." It may be conceded that this statement was equivalent to a declaration by the court of the law relating to the crime in question, and, while it was an erroneous statement of the law, the question as to whether it was reversible error depends upon whether or not in any state of the case it might have prejudiced the jury and influenced their

verdict. The territory introduced a number of witnesses, all of whom testified that the room over the defendant's saloon, known as the "Southern Club" was a gambling room, and that on the day charged in the indictment and for a long time previous thereto the game of crap, faro, roulette, and klondyke were played there for money, and that the defendant usually received the money from the tables or games. Every witness testified that the games were dealt or played for money, and there was not a particle of evidence to the effect that any games were played or conducted in said gambling house for fun or amusement. The only controverted or uncertain question in the proof was as to who were the owners or managers of the place. The defense introduced no testimony. Upon this state of facts the statement of the court could not have in any manner prejudiced the defendant's case before the jury, and hence was not such error as will warrant a reversal of the judgment.

The judgment of the district court of Oklahoma county is affirmed, at the costs of the plaintiff in error.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.