## PITCHLYNN v. CHERRY.

No. 1534.   Opinion Filed February 6, 1912.

(121 Pac. 196.)

1.   **APPEAL AND ERROR**—Briefs—Specification of Errors.  Rule 25 of the Supreme Court (20 Okla. xii, 95 Pac. viii) requires a party complaining of the giving or refusal of instructions to set out in his brief **totidem verbis** separately those parts complained of.  And a general exception without complying with this rule will not be sufficient, and the alleged errors will not be considered by this court.

2.   **NEW TRIAL**—Impeachment of Verdict.  Three jurors made affidavit that they misunderstood the meaning and effect of the verdict that had been regularly returned and received.  These affidavits were used in support of the motion for new trial.  The jurors were not presented in court for examination.  No opportunity to cross-examine them was given the opposite party, nor was the testimony of the balance of the jury taken.  **Held** not a sufficient showing to impeach the verdict.

(Syllabus by Robertson, C.)

*Error from Bryan County Court, Caddo Division;*
*Charles A. Phillips, Judge.*

Action by Carlisle Pitchlynn, by his guardian, Grace Pitchlynn, against Jesse Cherry, to recover rent.   Judgment for the defendant for damages in the sum of $75 by reason of attachment wrongfully issued.   Plaintiff brings error.   Affirmed on conditions.

This is an action on a lease contract, begun in the Caddo Division of the county court of Bryan county on August 1, 1909, by Carlisle Pitchlynn, a minor, by his guardian, Grace Pitchlynn, against Jesse Cherry, to recover $800 as rent on certain real estate.   Plaintiff alleged that the original contract of lease was entered into by Grace Pitchlynn, as guardian for Carlisle Pitchlynn, and Hiram Pierce, on October 6, 1904.   The lease was to begin January 1, 1905, and run to December 31, 1909.   The lessee covenanted to build a house, do some fencing, and make other improvements on the land as the consideration

of the lease. The evidence shows that on September 29, 1905, Pierce made a contract with Jesse Cherry, whereby, for a cash consideration, he conveyed to Cherry all his interest in the lease, the conveyance to take effect January 1, 1906, to run four years. The testimony shows that Cherry took possession of the land in controversy, and made the improvements which Pierce had covenanted to make. At the commencement of the action, plaintiff procured an attachment and by virtue thereof levied upon and took into her possession a portion of the crops grown on said land for said year. Defendant answered, admitting the appointment of the guardian, and the leasing of the land to Pierce, but denied that he ever held possession of said land by assignment of the lease, but admitted that he was in possession by virtue of a sublease from Pierce. The case was tried to a jury on November 19, 1909, and a verdict was rendered in favor of the defendant and against the plaintiff, and damages were awarded defendant in the sum of $75 on account of the wrongful attachment secured by plaintiff. From this judgment plaintiff appeals.

*W. F. Semple,* for plaintiff in error.

*Robert Crockett* and *Victor Phillips,* for defendant in error.

Opinion by ROBERTSON, C. (after stating the facts as above). Only two assignments of error are relied upon by plaintiff in error in his brief; the first being:

"The court erred in refusing to give instructions requested by counsel for plaintiff in error on assignment, and in giving instructions numbered 2, 3, 4, 5, and 6."

There is no attempt by counsel for plaintiff in error to comply with rule 25 (20 Okla. xii, 95 Pac. viii) of this court, which requires that, where a party complains of the giving or refusing of instructions, he must set out in his brief *totidem verbis* separately the portions to which he objects, or may save exceptions to, and a general complaint that the court erred in giving or refusing instructions without complying with this rule will not receive consideration at the hands of this court. *Rey-*

*nolds v. Hill,* 28 Okla. 533, 114 Pac. 1108; *Seaver v. Rulison,* 29 Okla. 128, 116 Pac. 802; *City of Shawnee v. Slankard,* 29 Okla. 133, 116 Pac. 803; *Lynn v. Jackson,* 26 Okla. 852, 110 Pac. 727; *Red Ball Transfer & S. Co. v. Deloe,* 30 Okla. 522, 120 Pac. 575.

The other assignment of error is that "the verdict in this case was void and did not represent the actual finding of the jury." The verdict in the case reads as follows:

"We, the jury, duly impaneled and sworn in the above-entitled case, do, upon our oaths, find for the defendant, Jesse Cherry, and also find that the attachment should be dissolved, and also find that the defendant is damaged in the sum of $75. J. A. Moore, Foreman."

There was no evidence offered at the trial by the defendant to show that he was damaged in any way by reason of the attachment. Three of the six jurors, after the verdict had been returned and filed, made affidavit that the verdict as returned was not as they understood it or had agreed upon, in that they intended to allow the plaintiff to retain the attached goods and to allow the defendant $75 by reason of the attachment. These affidavits were filed before the motion for new trial had been passed upon. As a general rule, the testimony of jurors is not admissible to prove that they did not assent to a verdict regularly returned and received, or that they misunderstood the meaning or effect of the verdict, but it has been held in a number of cases that it may be proved by the testimony of jurors that the verdict as drawn and entered is not as agreed on by the jury. 29 Cyc. 986, and cases cited.

In 2 Thompson on Trials, p. 2618, it is said:

"Upon grounds of public policy, courts have almost universally agreed upon the rule that no affidavit, deposition, or other sworn statement of a juror will be received to impeach the verdict, to explain it, to show on what grounds it was rendered, or to show a mistake in it, or that they misunderstood the charge of the court, or that they otherwise mistook the law, or the result of their finding, or that they agreed on their verdict by average or by lot. The rule has been held specially applicable to the case of a verdict on an issue out of chancery. It has

been attempted to show, by evidence of this kind, that the jury misapprehended the effect of their verdict as to the costs; that the foreman of the jury, after they had retired, had gone from the jury room in order to learn from persons not of the jury the amount of damages which ought to be found in order to carry costs; that the jurors making the affidavit were influenced in their verdict by information given by one of the jurors in the jury room, or that they had intended to give the plaintiff a greater amount of damages, and conceived that the verdict which they rendered was for such increased sum. But in these and other like cases the courts have steadily refused to listen to such affidavits. Neither is it admissible to show by the oath of a juror that he did not agree to the verdict as rendered, or that he consented to the return of the verdict, without concurring in it, in order to secure his discharge, or because his health absolutely required him to be released from confinement, or that the verdict which was rendered was not, in fact, the verdict of the particular jurors. It will not be admissible thus to show that the verdict was by mistake returned as the verdict of the whole jury, when some of them were, in fact, in favor of finding it for the other party."

This question was also passed upon by our Territorial Supreme Court in *Colcord v. Conger,* 10 Okla. 458, 62 Pac. 276, in an opinion by Chief Justice Burford. The above rule is followed also by the courts of last resort in a large majority of the states of the Union, and we believe the proper rule for us to follow in Oklahoma. In this case the only evidence offered is the affidavits of three members of the jury. No examination was had in open court with the opportunity to cross-examine by the opposite party. The verdict is couched in plain, simple language, and there is no good reason why the same should have been misunderstood had it been read. Nor is there any more reason for a misunderstanding of the verdict than of the language in the affidavits in support of the motion for a new trial. We do not think a sufficient showing of mistake has been made. If the verdict as returned does not state the truth, the other jurors should then be given an opportunity to corroborate the statements made in the verdict; for, if a mistake was in fact made, they also would know it. It would have been much better

had the jurors been returned into court and the examination made under the supervision of the court and in the presence of counsel. for the opposite party.   The defendant in error has agreed to file a *remittitur* in the sum of $75 in case this court should hold that the finding of the jury in the matter of the damages was erroneous.   Inasmuch as there is no evidence in the record to sustain such judgment for $75 damages to defendant, the same should be set aside and a *remittitur* ordered.

For the reasons assigned, the judgment of the county court of Bryan county should be affirmed on condition that the defendant in error within 30 days from this date file a *remittitur* in the sum of $75 in favor of the plaintiff in error, and on his failure so to do the judgment should be reversed, and a new trial granted.

SHARP, C., not participating.

By the Court:  It is so ordered.