## TULSA ST. RY. CO. v. JACOBSON.

No. 3061.   Opinion Filed November·11, 1913.

(136 Pac. 410.)

1.    **APPEAL AND ERROR**—Review—Questions of Fact.   Where a cause is tried before a jury and a general verdict returned and judgment rendered on the verdict, and the evidence is conflicting and contradictory, and there is competent evidence to sustain the verdict, this court will not undertake to weigh the evidence or to determine where the preponderance lies, but will sustain the verdict of the jury.

2.    **NEW TRIAL**—Verdict—Impeachment—Testimony of Jurors.   Upon grounds of public policy, jurors will not be heard by affidavit, deposition, or other sworn statement to impeach or explain their verdict, or show on what ground it was rendered, or that they made a mistake, or misunderstood the law or the result of their finding, or to show what items entered into the verdict, or how they arrived at the amount.   Jurors will only be heard in support of their verdict or conduct when same is attempted to be impeached.

(Syllabus by the Court.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

. Action by Carrie Ila Jacobson against the Tulsa Street Railway Company.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*Hainer, Martin, Bush & Murry,* for plaintiff in error.

*Woodson E. Norvell,* for defendant in error.

HAYES, C. J.   This proceeding in error is prosecuted to reverse a judgment of the district court of Tulsa county, awarding to defendant in error damages which she alleges she received because of the negligent acts of plaintiff in error while she was a passenger on one of its street cars in the city of Tulsa.

Two assignments of error are urged for reversal of the cause.   By the first assignment plaintiff in error complains

that the verdict is not sustained by the evidence. In support of this assignment, counsel for plaintiff in error in their briefs have not directed their argument to showing that there was no evidence reasonably tending to support the verdict, but that the verdict is against the preponderance of the evidence. Under the rule in this jurisdiction, this court is not permitted to weigh the evidence to ascertain where the preponderance is. If there is any evidence reasonably tending to support the verdict it must be sustained. An examination of the record in this case discloses that there is evidence to sustain the verdict, which evidence is very strongly controverted, and had the verdict been for plaintiff in error, this court could not disturb it. But by the verdict of the jury the weight of the conflicting evidence and credibility of the witnesses were determined, and, when approved by the trial court by its refusal to grant a new trial, it should not be disturbed by this court. *Kuhl v. Supreme Lodge Select Knights & Ladies,* 18 Okla. 383, 89 Pac. 1126; *Grant v. Milam,* 20 Okla. 672, 95 Pac. 424; *Wade v. Cornish,* 23 Okla. 40, 99 Pac. 643.

The second assignment urged complains of the action of the trial court in refusing to admit as evidence in support of plaintiff in error's motion for a new trial the affidavit of certain of the jurors to show that in arriving at the amount of their verdict the jurors concurring therein agreed that each would set down upon a piece of paper the amount which he thought defendant in error was entitled to recover, and that said amounts should then be added together and divided by the number of jurors concurring, and that the amount thus ascertained should be the amount for which the verdict would be rendered and was rendered. That the trial court committed no error in refusing to admit these affidavits of the jurors for the purpose of impeaching their verdict is settled by *Colcord v. Conger,* 10 Okla. 459, 62 Pac. 276; *Barnes v. Territory,* 19 Okla. 373, 91 Pac. 848; *Pitchlynn v. Cherry,* 32 Okla. 77, 121 Pac. 196.

In *Colcord v. Conger, supra,* the rule of law governing this question is stated in the following language:

"Upon grounds of public policy jurors will not be heard by affidavit, deposition, or other sworn statement to impeach or

explain their verdict, or show on what ground it was rendered, or that they made a mistake, or misunderstood the law or the result of their finding, or to show what items entered into the verdict or how they arrived at the amount. Jurors will only be heard in support of their verdict or conduct when same is attempted to be impeached."

This doctrine is supported by the decided weight of authority (2 Thompson on Trials, 2618), and no good reason has been suggested to us why it should be overturned.

There being no error assigned requiring a reversal of the cause, the judgment of the trial court is affirmed.

All the Justices concur, except WILLIAMS, J., absent, and not participating.