## GLOCKNER v. JACOBS.

### No. 3342.  Opinion Filed April 14, 1914.

(140 Pac. 142.)

1.  **APPEAL AND ERROR—Verdict—Conflicting Evidence.** This cause was submitted to the jury on an issue joined upon mutual accounts existing between plaintiff and defendant, and a verdict returned in favor of plaintiff. Held that, where a cause is tried to a jury, and a general verdict returned, a judgment rendered on the verdict, and the evidence is conflicting and contradictory, and there is competent evidence to sustain the verdict, this court will not undertake to weigh the evidence or to determine where the preponderance lies.

2.  **PRINCIPAL AND AGENT—Right to Terminate Relationship.** G., a wholesale merchant, employed J. as salesman to sell goods manufactured by G., and the employment was for no special time. Held, that G., the principal, could, by notice, arbitrarily discontinue the services of J.

3.  **SAME—Conversion of Samples—Liability of Agent.** Where the principal delivers to his agent, who is employed as salesman, certain samples to be used in the sale of the principal's goods, and the principal thereafter discontinues the services of said agent, and requests a return of the samples, and at this date the principal is indebted to the agent for commissions on sales made, the agent notifies the principal, refusing to return the samples until his commissions have been paid, and thereafter sells the samples, and applies the proceeds on what is due him by the principal, held that, there being no evidence of bad faith on the part of the agent, he will not be liable to the principal for the invoice price of said samples as of date they were delivered to him in the absence of testimony showing a special or peculiar value to the principal, but will be liable only for the fair market value of said samples at the time they are sold.

4.    **NEW TRIAL**—Assignment of Error—Impeachment of Verdict. Upon grounds of public policy, jurors will not be heard by affidavit, deposition, or other sworn statement to impeach or explain their verdict, to show on what ground it was rendered or that they made a mistake, misunderstood the law or the result of their finding, nor permitted to show what items entered into the verdict, nor how they arrived at the amount. Jurors will only be heard in support of their verdict or conduct when same is attempted to be impeached.

(Syllabus by the Court.)

*Error from County Court, Osage County;*
*C. T. Bennett, Judge.*

Action by B. F. Jacobs against J. Glockner. Judgment for plaintiff, and defendant bring error. Affirmed.

*H. P. White* and *Joseph D. Mitchell,* for plaintiff in error.

*H. B. Martin, Chas. E. Bush,* and *John Y. Murray, Jr.,* for defendant in error.

RIDDLE, J.    Plaintiff in error, defendant below, is engaged in the wholesale business in the city of New York. Defendant in error, plaintiff below, is a traveling salesman, employed by defendant to sell ladies' ready to wear merchandise, upon a commission of $7\frac{1}{2}$ per cent. on all sales, except that he was not to have a commission on sales on which collection could not be made by the defendant. The agreement between the parties was consummated through correspondence. Plaintiff alleges in his petition that he had sold goods for defendant to the amount of $3,000; that he had sent in three orders which defendant refused to accept, and that he deposited $100 with defendant as security for payment of said three orders, and that defendant still retains said money; that defendant is due plaintiff the sum of $225, commission on sales, and $100, the money deposited with him as security; that the orders upon which the $100 was deposited were never filled.

Defendant filed his answer, consisting of a general denial and affirmative allegations in the nature of a counterclaim, alleging that plaintiff had wrongfully withheld the samples sent him, of the value of $275.25; that plaintiff's commissions and

the $100 cash received from plaintiff by defendant amount in the aggregate to the sum of $253.82; that plaintiff is indebted to defendant in the sum of $21.43 in excess of amount due plaintiff, as shown by an itemized statement attached to said answer. Defendant prays judgment for said amount. It is admitted in the reply filed by plaintiff that he sold the samples, after several demands on defendant for his commissions and the return of the $100 deposited as security; that defendant refused to remit the amount of his (plaintiff's) commissions and the $100, and for that reason he sold the samples, and applied the proceeds to the amount due him. Defendant notified plaintiff by letter, of date September 27, 1909, discontinuing him as salesman, and requesting return of the samples.

The case was tried to a jury and a verdict returned in favor of plaintiff for the sum of $250. A *remittitur* of $48 was entered by the plaintiff, and judgment rendered for him for the amount of $202. Defendant prosecutes this proceeding in error, and in his petition in error sets out six assignments.

Under this record, the only question for determination is as to whether or not plaintiff in error, defendant below, is indebted to defendant in error, plaintiff below, or whether the defendant in error is indebted to plaintiff in error upon the counterclaim filed. This issue was fairly submitted to the jury for its determination, and the verdict of the jury was in favor of plaintiff. This verdict has been approved by the trial court.

There are two or three propositions discussed by plaintiff in error, however. The first proposition which he discusses, quoting considerable authorities, relates to the power of a principal arbitrarily discontinuing his agent. This question is not an issue in the record, as defendant in error concedes that this may be done. Plaintiff never made any attempt to represent the defendant after the date of the letter of September 27, 1909, discontinuing his services; hence it is unnecessary to notice the point further.

It is next contended that the plaintiff lost his right to commissions by failure to obey the instructions of his principal. We

do not deem this question before us, inasmuch as the only instance in which it is claimed that the plaintiff failed to obey the instructions of defendant was long after he had ceased to be his agent, and this was in regard to his failure to return the samples; therefore the authorities cited on this point are not applicable.

It is also contended that plaintiff was guilty of conversion of the samples sent him to be used in representing defendant; that he thereby became liable and indebted to defendant in the sum of $225.25, the amount of the original invoice price. Plaintiff does not controvert the proposition that he should be charged for the value of the samples sold or in case of conversion, but his contention is that he would only be liable for the fair market value of the property at the time of the conversion; and that, under the testimony, the market value was shown to be $123, the amount for which they were sold. In the absence of any testimony as to any peculiar or special value to defendant, in our judgment, this would be the measure of damages for the conversion of the property. There seems to be no contention but that plaintiff was entitled to the $100 advanced as security for certain purposes; and, in fact, the defendant has given him credit for said amount on his claims against plaintiff. In substance, the testimony on the part of plaintiff shows that he had sold under his contract with defendant approximately $4,000 worth of merchandise; and that he was entitled to 7½ per cent. as commission thereon; and that defendant was further indebted to him in the sum of $100 cash, deposited as herein stated. Defendant admits the item of $100, and claims that plaintiff is indebted to him upon commission advance on certain sales which had not been paid by customers who became bankrupts to whom plaintiff sold goods, and that plaintiff is indebted to him in the sum of $21.43 over and above the amount due plaintiff. These issues were submitted to the jury under proper instructions, and the jury returned a verdict in favor of plaintiff in the sum of $250, and, after a *remittitur* of $48, the court approved the verdict, and entered judgment in the amount of $202. It is the opinion of the court that there is sufficient testimony tending to sustain the verdict.

Under the sixth assignment of error, defendant undertakes to show that the verdict of the jury was irregular, in that it was arrived at by each juror suggesting an amount which plaintiff should recover, adding the total sums together, and dividing same by six, and that the quotient should be· the verdict of the jury. He undertakes to prove this state of facts by the affidavit of one of the jurors, W. R. Wells. If defendant was permitted to impeach the verdict of the jury in this manner, it is doubtful whether the matters set out in the affidavit of the juror would bring the defendant within the rule laid down by the decisions cited and relied upon. It is the opinion of the court that the verdict of the jury cannot be impeached in this manner. This would be doing indirectly what is prohibited from being done directly. *Tulsa Street Ry. Co. v. Jacobson, ante,* 136 Pac. 410; *Wade v. Cornish,* 23 Okla. 40, 99 Pac. 643; *Grant v. Milam,* 20 Okla. 672, 95 Pac. 424; *Kuhl v. Supreme Lodge Select Knights & Ladies,* 18 Okla. 383, 89 Pac. 1126.

We have examined the record and briefs of counsel in this case carefully, and, finding no substantial error in the proceeding and judgment appealed from, the judgment of the trial court is affirmed.

All the Justices concur.