## HART *et al.* v. WILLIAMS.

No. 5812   Opinion Filed February 1, 1916.

(151 Pac. 1187.)

**ESTOPPEL—Statements—Intent to Abandon Lease—Defense of Subsequent Lessee.** In an action for the recovery of real estate, by one claiming under a prior lease against a subsequent lessee in possession, statements by the prior lessee that he did not intend to do anything under his lease, that as he had not got possession he did not want to do anything further under the lease, and that he was going to throw up the lease, made to the subsequent lessee, there being no evidence that the person making the statements was aware at the time that the subsequent lessee intended to procure a lease on said land, or that the statements were made for the purpose of leading the subsequent lessee to rely and act thereon, do not constitute a defense to the action.

(Syllabus by Rummons, C.)

*Error from District Court, Okfuskee County;*
*John Caruthers, Judge.*

Action by R. W. Williams against Tom Hart and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*W. A. Huser* and *C. B. Conner,* for plaintiffs in error.

Opinion by RUMMONS, C. This action was commenced in the district court of Okfuskee county by R. W. Williams against Tom Hart and Archie Hart to recover possession of a tract of land to which defendant in error claimed to be entitled by virtue of a lease executed by the guardian of an Indian minor. At the close of the evidence the trial court directed a verdict for the defendant in error for the possession of the land sought to be recovered. Plaintiffs in error complain of this action of the trial court, and bring this proceeding in error to reverse the same.

We have not been favored with a brief on behalf of the defendant in error; but we have examined the brief of plaintiffs in error, and have reached the conclusion that the assignment of error argued therein is not well taken. The plaintiffs in error relied, as a defense to the action of defendant in error, upon certain statements made by him to the effect that he intended to throw up his lease—intended to have nothing more to do with it. It appears from the brief of plaintiffs in error that the lease to defendant in error was executed about one year prior to the lease to plaintiffs in error, and that both leases were duly executed with the approval of the county court of McIntosh county. Plaintiffs in error set out in their brief excerpts from the testimony upon which they relied to establish their defense to the action of defendant in error. We do not think the testimony set out warrants the conclusion that plaintiffs in error seek to reach. They contend that the statements made by defendant in error to them constitute an abandonment of his rights under the prior lease, and estop him from thereafter asserting any rights over their lease. The statements contained in the brief claimed to have been made by defendant in error only go to a declaration of his intention not to have anything more to do with the land in controversy, and an intention not to do anything more under his lease, and that because he had been unable to secure possession of the land he would do nothing more about it. It does not appear in the brief that at the time he made these statements he knew that the plaintiffs in error were about to lease this land, or that they had made any inquiry of him as to his intentions with regard to the lease, for the purpose of being guided by his statements in taking the lease, which they

subsequently secured. Mere declaration of a person in ordinary conversation as to his intentions as to his property, made under circumstances which do not indicate to him that the persons to whom the statements are made intend to rely upon the same, and not made for the purpose of influencing their conduct, do not rise to the dignity of an estoppel.

The brief of plaintiffs in error disclosing no error committed by the court below, the judgment should be affirmed.

By the Court: It is so ordered.