## KREMER *et al.* v. STEPHENS.

No. 6025.   Opinion Filed February 15, 1916.

(155 Pac. 585.)

1.   **APPEAL AND ERROR—Harmless Error—Admission of Evidence—Cure by Instruction.**   Where the court admits incompetent evidence, but instructs the jury to disregard such evidence, **held,** under the facts in this case, the admission of such evidence was harmless, inasmuch as the court withdrew the same from the jury by proper instruction.

2.   **TRIAL—Impeachment of Verdict—Jurors.**   Upon the grounds of public policy, the general rule is that jurors will not be heard, by deposition, affidavit, or other sworn statement, to impeach their verdict.

(Syllabus by Rittenhouse, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by S. H. Stephens against William Kremer and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*Charles Gotwals* and *David A. Kline,* for plaintiffs in error.

*W. P. Z. German,* for defendant in error.

Opinion by RITTENHOUSE, C.   This action was instituted to recover $150 as a commission alleged to have been earned by reason of having procured a purchaser of certain property under a broker's contract.   The record develops the fact that a purchaser was procured who entered into a contract with the owner of the premises, but that the sale was not finally consummated because the title to some of the property was defective.   The question as to whether or not the commission was earned under the terms of the contract was one of fact, which was submitted to

the jury, and the jury returned a verdict for $150. As there was evidence reasonably tending to support the verdict, the same will not be disturbed.

The contract was introduced in evidence, together with other testimony; and the plaintiff subsequently offered evidence to s ow th. further service: had been rendered in procuring the consummation of another contract of sale, known as the "Thompson transaction." To this evidence an objection was made and motion to strike filed, but each was denied by the court. At the conclusion of the evidence, the court instructed the jury not to consider any evidence concerning the Thompson transaction.

It is insisted here that it was error for the court to admit the evidence as to such subsequent transactions; that the evidence of the Thompson transaction was calculated to influence the jury; and that "it is probable that it did have an important bearing upon the matter of the rendition of the verdict." There has been no showing that the admission of this evidence was prejudicial to the rights of the defendants. The court specifically instructed the jury that they should not take into consideration any evidence relative to the Thompson transaction. If there was error in the admission of such evidence, it was cured by the court in withdrawing the same from the consideration of the jury.

It is next urged that there was misconduct on the part of certain members of the jury in making audible mention of the Thompson transaction at the time they had under consideration the evidence in the case. To support the contention that there was misconduct on the part of the jury, two members of the jury were called as witnesses. Alex Todd, one of the jurymen, testified that the Thompson transaction was mentioned audibly in the presence of

the jurymen at the time they were endeavoring to arrive at a verdict. It was admitted that the other jurymen, if present, would testify to the same state of facts. It was further testified by Alex Todd that a juryman by the name of Mr. Pitts said:

"If he could consider the Thompson deal in this, he would come over for the plaintiff, but since we could not, since that was ruled out by the court, he did not believe they ought to get the judgment."

It is strenuously insisted by plaintiffs in error that this evidence was not offered for the purpose of impeaching the verdict of the jury, but that if outside evidence was mentioned, there was a probability that it had weight in making up the verdict, and that a new trial should be awarded in the absence of a showing that it did not influence the jury. Regardless of whether or not this evidence was given in an attempt to impeach the verdict, it has that effect. In *St. Louis & S. F. R. Co. v. Brown,* 45 Okla. 143, 144 Pac. 1075, this court held that:

"Upon grounds of public policy, the jurors will not be heard, by affidavit, deposition, or other sworn statement, to impeach or explain their verdict by showing on what ground it was rendered, or that they made a mistake, misunderstood the law, or the result of their finding." *Colcord v. Conger,* 10 Okla. 458, 62 Pac. 276; *Barnes v. Territory,* 19 Okla. 373, 91 Pac. 848; *Pitchlynn v. Cherry,* 32 Okla. 77, 121 Pac. 196; *Tulsa St. Ry. Co. v. Jacobson,* 40 Okla. 118, 136 Pac. 410; *Glockner v. Jacobs,* 40 Okla. 641, 140 Pac. 142.

We do not pass upon a condition that might exist under the exception to the rule, as stated in *Carter State Bank v. Ross,* 52 Okla. 642, 152 Pac. 1113.

It is also contended that the contract introduced in evidence was not enforceable, owing to the fact that the

land to be transferred was described: "W ½ of the W ½ Sec. 14 Twp. 12 R. 17," and that parol evidence could not be introduced to determine where the land was located, and therefore the demurrer to the evidence should have been sustained. There is no merit in this contention, for the reason that the action in this case is for the recovery of a broker's commission, alleged to have been earned by the procuring of a contract of sale, the commission to be due when such contract was entered into, and not for a specific performance of the contract to exchange the property. It is immaterial, so far as this case is concerned, where the land was located, as the recovery of the commission is not based upon the description of the premises, but upon an oral contract to pay a commission.

This court is of the opinion, after an examination of the entire record, that none of the errors complained of have probably resulted in a miscarriage of justice, or constitute a substantial violation of a constitutional or statutory right. Section 6005, Rev. Laws, 1910.

The judgment should therefore be affirmed.

By the Court: It is so ordered.