## OKLAHOMA, K. & M. R. CO. v. McGHEE.

No. 10308—Opinion Filed Nov. 15, 1921.

Rehearing Denied Dec. 13, 1921.

(Syllabus.)

1. **Railroads—Crossing Accident—Personal Injuries—Case Followed.**

The syllabus to Oklahoma, K. & M. R. Co. v. A. P. Wilson, 84 Okla. 118, 202 Pac. 275, just handed down, in connection with the two paragraphs added hereto, which are not applicable to the former case, covers the points of law presented for review herein.

## 2. New Trial—Impeachment of Verdict by Jurors.

Upon grounds of public policy, jurors will not be heard by affidavit, deposition, or other sworn statements to impeach or explain their verdict, or show on what ground it was rendered, or that they made a mistake, or misunderstood the law or the result of their finding, or to show what items entered into the verdict, or how they arrived at the amount. Jurors will only be heard in support of their verdict or conduct when same is attempted to be impeached.

## 3. Same — Compromise and Quotient Verdicts.

A verdict will not be set aside merely because the amount thereof was the result of a compromise between jurors, nor because the amount was first found by adding together the amounts the several jurors thought should be given and dividing the sum by twelve, if there was no agreement in advance to return a verdict for the quotient so found. Where the jurors agree in advance to be bound by a quotient so determined, or where the consent of any juror to a verdict is determined by any resort to chance, a new trial must be granted.

Error from District Court, Ottawa County; Preston S. Davis, Judge.

Action by Ila McGhee against the Oklahoma, Kansas & Missouri Railway Company for damages for personal injuries. Affirmed.

Arthur Miller and E. S. Bessey, for plaintiff in error.

Smith & McGhee, for defendant in error.

KANE, J. This was an action for damages for personal injuries, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Hereafter, for convenience, the parties will be called "plaintiff" and "defendant," respectively, as they appeared in the trial court.

Upon trial to a jury there was a verdict for the plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

This is a companion case to Oklahoma, K. & M. R. Co. v. A. P. Wilson, No. 10307, 84 Okla. 118, 202 Pac. 275, in which an opinion was this day handed down affirming the judgment of the trial court. As the injuries complained of in both cases grew out of the same accident, it will not be necessary to restate the facts, and as, with one exception, the assignments of error in the instant case are precisely the same as in the Wilson Case, supra, it will not be necessary to reconsider the grounds for reversal urged, which are common to both cases. The additional assignment of error presented by this record is stated by counsel in their brief as follows:

'That the verdict in this case was a quotient verdict and should have been set aside.''

As counsel principally rely upon the affidavits of two of the jurors who participated in the trial to impeach the verdict, they do not seem to urge this assignment with the assurance which it is said is born of conviction. In their brief they say:

'We are well aware that this court has held that affidavits of jurors will not be heard to impeach the verdict, but in the last two cases so far as we have been able to find three of the justices dissented. Egan v. First National Bank of Tulsa, 67 Oklahoma, 169 Pac. 621; Baker v. Dorsson, 67 Oklahoma, 169 Pac. 1071.''

Counsel present this question again, they say in their brief, "In hope that the court may again overrule itself and return to the doctrine as expressed by Justice Brewer in Mattox v. U. S., 146 U. S. 140, and Bank v. Ross, 52 Okla. 642, 152 Pac. 1113.''

The court, we fear, is so irretrievably committed to the doctrine assailed that it cannot depart from it at this late date. There is a long and unbroken line of cases to the effect that, upon grounds of public policy, jurors will not be heard by affidavit, deposition, or other sworn statement to impeach or explain their verdict, or show on what grounds it was rendered, or that they made a mistake, or misunderstood the law or the result of their finding, or to show what items entered into the verdict, or how they arrived at the amount. Jurors will only be heard in support of their verdict or conduct when same is attempted to be impeached.

The following are a few of the cases from this jurisdiction, cited by counsel, supporting the proposition that the affidavits of jurors are inadmissible for the purpose of impeaching their verdict: Spencer v. State, 5 Okla. Cr. 7, 113 Pac. 224; Craddock v. State, 13 Okla. Cr. 724, 167 Pac. 331; Barnes v. Territory, 19 Okla. 373, 91 Pac. 848; Colcord v. Conger, 10 Okla. 458, 62 Pac. 276; Vanderburg v. State, 6 Okla. Cr. 485, 120 Pac. 301; Petitti v. State, 2 Okla. Cr. 131, 100 Pac. 1122; Keith v. State, 7 Okla. Cr. 156, 123 Pac. 172; Egan v. First Nat. Bank of Tulsa, 67 Oklahoma, 169 Pac. 621; Tulsa

St. Ry. Co. v. Jacobson, 40 Okla. 118, 136 Pac. 410; Glockner v. Jacobs, 40 Okla. 641, 140 Pac. 142. The following cases to the same 'effect are cited from other jurisdictions: Spain v. Oregon-Washington R. & N. Co. (Ore.) 153 Pac. 470, and cases cited; Pullman Co. v. Finley (Wyo.) 125 Pac. 380; Greeley Tire Co. v. Von Frotha, 48 Colo. 12, 108 Pac. 985; Bunce v. McMahon, 6 Wyo. 24, 42 Pac. 23; Gustavenson v. State, 10 Wyo. 300, 68 Pac. 1006; Baxter v. Beckwith, 25 Colo. App. 322, 137 Pac. 901, and cases cited; Purdy v. Sherman, 74 Wash. 309, 133 Pac. 440; Grow v. Oregon Short Line R. Co. (Utah) 150 Pac. 970; Kremer et al. v. Stephens, 55 Okla. 168, 155 Pac. 585; So. Nevada Gold & Silver Min. Co. v. Holmes Min. Co., 27 Nev. 107, 73 Pac. 759; Karner v. K. C. Elev. R. Co., 82 Kan. 842, 109 Pac. 678; Higgins v. Los Angeles Gas & Elec. Co., 159 Cal. 651, 115 Pac. 313.

While there were other affidavits offered for the purpose of showing that the verdict was a quotient verdict, they wholly failed to show that there was an agreement in advance to return a verdict on that basis. It is fairly well settled that a verdict will not be set aside merely because the amount thereof was the result of a compromise between the jurors, nor because the amount was first found by adding together the amounts the several jurors thought should be given and dividing the sum by twelve, if there was no agreement in advance to return a verdict for the quotient so found. 29 Cyc. 812.

For these and the reasons stated in Oklahoma, K. & M. R. Co. v. Wilson, supra, the judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.