## STEKOLL v. LEBOW.

No. 10576—Opinion Filed March 28, 1922.

Rehearing Denied Nov. 6, 1923.

(Syllabus.)

1. **Principal and Agent—Agency—Question for Jury.**

Agency is a fact to be proved as other facts, and to be determined by the jury. Yukon Mills & Grain Co. v. Imperial Roller Mills Co., 34 Okla. 817, 127 Pac. 422.

2. **Appeal and Error—Review — Questions of Fact—Verdict.**

It is a well-settled rule of this court that where the testimony on any material issue is conflicting, and there is any competent evidence in the record reasonably tending to support the finding of the jury, this court will not review the evidence to ascertain where the weight lies, nor interfere with such finding. Yukon Mills & Grain Co. v. Imperial Roller Mills Co., 34 Okla. 817, 127 Pac. 422.

3. **New Trial — Misconduct of Prevailing Party — Conflicting Evidence — Discretionary Ruling.**

A motion for a new trial, predicated upon misconduct of the prevailing party, where such motion is supported by the affidavit of a third party, but is controverted by the affidavit of the opposing litigant, is addressed to the sound discretion of the trial court, whose action in denying and overruling the motion can only be reviewed where it is made to appear that the court abused its discretion. Ratcliff v. Sharrock, 44 Okla. 592, 145 Pac. 803.

4. **New Trial—Impeachment of Verdict—Testimony of Jurors.**

Upon grounds of public policy, jurors will not be heard by deposition, affidavit, or other sworn statement to impeach their verdict. C., R. I. & P. R. Co. v. Brown, 55 Okla. 173, 154 Pac. 1116.

Error from District Court, Tulsa County; Conn Linn, Judge.

Action by Simon Lebow against Harry Stekoll, to recover damages sustained by reason of the breach of a contract. Verdict and judgment in favor of plaintiff, and defendant appeals. Affirmed.

A. E. Needham andd Samuel A. Boorstin, for plaintiff in error.

William F. Tucker and Hulette F. Aby, for defendant in error.

MILLER, J. This action was commenced in the district court of Tulsa county by Simon Lebow, as plaintiff, against Harry Stekoll, as defendant, to recover $3,600 damages sustained by the plaintiff on account of the breach of five separate contracts. The case was tried to a jury, which returned a verdict for $3,543.94 in favor of the plaintiff and against the defendant. The defendant filed his motion for a new trial, which was overruled by the court, gave notice of appeal, and perfected this appeal, and appears here as plaintiff in error.

Simon Lebow was engaged in the junk business, buying and selling second-hand pipe or casing used in and about oil wells. His place of business was at Bellaire, Ohio. Plaintiff in error, Harry Stekoll, was engaged in the same line of business at Tulsa, Okla., and was doing business under the trade name of Tulsa Supply & Junk Company. Abe Dritch, a brother-in-law of Harry Stekoll, went to Bellaire, Ohio, and in May, 1917, purchased four cars of casing, and in June, 1917, purchased four more cars of casing from defendant in error, Simon Lebow. He carried with him printed cards of the Tulsa Supply & Junk Company with the name of Abe Dritch printed on the card. He also carried a book of printed drafts having on it the name and advertisement of the Tulsa Supply & Junk Company. In purchasing the cars of casing from the defendant in error, Abe Dritch would give him a draft on the Tulsa Supply & Junk Company for a part of the purchase price, having the casing shipped to the Tulsa Supply & Junk Company and drafts with bill

of lading attached would be forwarded to the bank at Tulsa to be taken up by the Tulsa Supply & Junk Company, or Harry Stekoll. All of these drafts drawn on the Tulsa Supply & Junk Company with the bill of lading attached showed they were down payment on three of the cars purply & Junk Company. The draft for the donw payment on three of the cars purchased in May was paid by plaintiff in error, and when the cars arrived at Tulsa the draft with bill of lading attached was taken up by plaintiff in error. The draft of $200 for the down payment on the other car shipped in May was paid by plaintiff in error, but he refused to accept the car of casing when it arrived, and he refused to pay the draft for the down payment, or take up the bill of lading on either of the four cars of casing shipped in June.

This action is to recover the damages sustained by Simon Lebow because plaintiff in error breached his contract of purchase and refused to pay for the casing. The plaintiff in error sets out 14 specific assignments of error, and then discusses them under two heads:

"First. There is no evidence from which the jury was entitled to base its finding that A. Dritch was acting as the agent for Stekoll in the purchase of the pipe in question."

This raises the question of agency. Was Abe Dritch the agent of plaintiff in error to purchase the pipe in question? The plaintiff in error produced Abe Dritch as his witness, who testified, in part, as follows:

"Q. The only arrangement you had with him (Stekoll) was that you bought the pipe and made these checks for installments on it and when it came in if he thought it was a good trade he gave you a profit on it? A. Yes, sir. Q. If he thought it was a bad trade he didn't take it, is that it? A. Yes, sir. Q. Did you talk to him about the matter before you went down there, about what you were going to do? A. Well, I just told him I was going to buy some pipe; of course I told him I wasn't fixed financially, you know, and he says if I will buy it they will help me out in it. * * * Q. When you went out to buy this stuff, what did they (Stekoll) tell you? A. I told them if I will help them to buy it I will have to draw—they says if they are able they will help me out financially."

This testimony offered by the plaintiff in error reasonably tends to support the verdict of the jury. The question of agency is a question of fact to be determined by the jury, and where there is any competent evidence in the record reasonably tending to support the finding of the jury, this

court will not review the evidence to ascertain where the weight lies, nor interfere with the verdict of the jury which has received the approval of the trial court. Yukon Mills Grain Co. v. Imperial Roller Mills Co. 34 Okla. 817, 127 Pac. 422; Allen v. Kenyon, 30 Okla. 536, 119 Pac. 960; Kelly v. Wood, 32 Okla. 104, 120 Pac. 1110; Minneapolis Threshing Machine Co. v. Humphrey, 27 Okla. 694, 117 Pac. 203; Ricker National Bank v. Stone, 21 Okla. 833, 97 Pac. 577; Horton v. Early, 39 Okla. 99, 134 Pac. 436; Mullen v. Thaxton, 24 Okla. 643, 104 Pac. 359; Wicker v. Denis, 30 Okla. 549, 119 Pac. 1112; Stem v. Adams, 30 Okla. 101, 118 Pac. 382; Caddo National Bank v. Moore, 30 Okla. 148, 120 Pac. 1003; Grimes v. Wilson, 30 Okla. 322, 120 Pac. 294; Edwards v. Miller, 30 Okla. 442, 120 Pac. 996; Prescott v. Brown, 30 Okla. 48, 120 Pac. 991.

"Second. The misconduct of the jury after it retired to deliberate, to the unquestioned prejudice of the rights of the plaintiff in error."

Under this head the plaintiff in error complains that A. Ernsberger, one of the jurors, stated in the jury room that he was acquainted with witness Max Lebow and was a friend of his, had worked with him and had dealings with him, and whatever Max Lebow stated was the truth. This was set out in an affidavit signed by B. C. Cox, one of the jurors. Mr. Ernsberger signed an affidavit which, omitting the caption, reads as follows:

"I, A. Ernsberger, first being duly sworn, depose and state:

"That I was one of the jurors selected and sworn to try, and before whom was tried, the above entitled cause. That upon said jury retiring to the jury room to deliberate on a verdict, there was only one ballot taken by said jury, almost immediately upon their retiring to consider the case, which was unanimous in favor of said plaintiff.

"I further upon oath state that I did not testify before nor state to said jury, that whatever said Max Lebow, a witness in said cause, had stated was the truth; that I have no recollection of making any statement with reference to any witness in the case prior to the unanimous agreement of said jury on a verdict for the plaintiff.

"I further state that there was no discussion had by said jury touching the credibility of the witness prior to their agreement on the verdict."

The plaintiff in error contends that this affidavit of juror Ernsberger does not controvert all of the statements made in

the affidavit of juror Cox. We have set out all the statements made in the affidavit by juror Cox that it is claimed constitute misconduct, and we are unable to find any statement in the affidavit that is not controverted by the affidavit of Ernsberger. These affidavits were submitted to the trial court on presentation of the motion of plaintiff in error for a new trial.

In Ratcliff v. Sharrock 44 Okla. 592, 145 Pac. 803, the court said:

"A motion for a new trial, predicated upon misconduct by the prevailing party, where such motion is supported by the affidavit of a third party, but is controverted by the affidavit of the opposing litigant, is addressed to the sound discretion of the trial court, whose action in denying and overruling the motion can only be reviewed where it is made to appear that the court abused its discretion."

See Bristow v. Carrigar, 37 Okla. 740, 132 Pac. 1110; Myers v. Cabiness. 44 Okla. 671, 146 Pac. 33.

The affidavit of B. C. Cox was not admissible for any purpose, for by it the juror attempted to impeach the verdict. It is well settled, upon grounds of public policy, that jurors will not be heard by affidavit, deposition, or other sworn statement to impeach, explain, or show on what grounds or on what evidence they have rendered their verdict. In Colcord v. Conger, 10 Okla. 458, 62 Pac. 276, the court said:

. "Upon grounds of public policy jurors will not be heard by affidavit, deposition, or other sworn statement to impeach or explain their verdict, or show on what ground it was rendered, or that they made a mistake, or misunderstood the law or the result of their finding, or to show what items entered into the verdict or how they arrived at the amount. Jurors will only be heard in support of their verdict or conduct when same is attempted to be impeached."

See C., R. I. & P. Ry. Co. v. Brown. 55 Okla. 177, 154 Pac. 1161; Kremer v. Stephens, 55 Okla. 570 155 Pac. 585; Egan v. First Nat. Bank, 67 Okla. 168, 169 Pac. 623; Tulsa St. Ry. Co. v. Jacobson, 40 Okla. 119, 136 Pac. 410; St. Louis & S. F. R. Co. v. Brown, 45 Okla. 151, 144 Pac. 1075; Overton v. State, 7 Okla. Cr. 212, 123 Pac. 175; Star v. State, 9 Okla. Cr. 214, 131 Pac. 542; Keith v. State, 7 Okla. Cr. 158, 123 Pac. 172; Barnes v. Territory of Oklahoma, 19 Okla. 374, 91 Pac. 848.

Finding no reversible error in the record,

the judgment of the trial court is affirmed.

HARRISON, C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur.