## TAYLOR v. SCOTT.

No. 21023. Feb. 13, 1934.

Rehearing Denied April 3, 1934.

Billups & Billups, for plaintiff in error.

Gomer Smith, O. A. Cargill, and M. J. Parmenter, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Oklahoma county in favor of the plaintiff in the action and against the defendant in the action for an amount found by the jury as damages sustained for a personal injury of the plaintiff caused by the negligence of an employee of the defendant.

In his brief the plaintiff in error, who hereinafter will be referred to as the defendant, contends that the judgment should be reversed for

"Irregularity of the jury in its selection, and misconduct of the jury in arriving at the verdict returned into court."

In support of that contention he attempted to show by evidence that two of the members of the jury were "professional jurors."

There was no evidence to support that contention. He contends that one of the jurors failed to disclose the fact that he theretofore had been represented by one of the attorneys for the plaintiff. Upon a hearing, that juror denied that he was asked that question. The trial court refused to sustain the contention. We cannot say from the evidence that the trial court was in error.

The plaintiff attempted to show by affidavits of jurors that the verdict was a quotient verdict within the meaning of the law. He admits that a juror cannot be heard to impeach his own verdict, but he contends that this court has never said "that it could not be shown by a juror that an unlawful verdict was agreed upon." In view of the decisions of this court in Lowe v. First National Bank of Tyrone, 143 Okla. 134, 288 P. 283; Oklahoma, Kansas & Missouri Ry. Co. v. McGhee, 84 Okla. 116, 202 P. 279; Tulsa St. Ry. Co. v. Jacobson, 40 Okla. 118, 136 P. 410, and many other decisions of this court, we find no error in the trial court's ruling thereon.

The defendant contends that:

"It is the duty of the court to give proper instructions, substantially covering the issues and evidence produced at the trial of the case and it is fundamental error to fail to do so."

In support of that contention he says that it became the duty of the trial court to instruct the jury as to the degree of care and diligence that the defendant owed the plaintiff in this case, and that the court did not instruct the jury to that effect. It does not appear from the record that the defendant requested such an instruction. The record shows that he requested only two instructions, one relating to the effect of pleadings, and the other, as follows:

"You are instructed that negligence consists of slight, ordinary and gross negligence, and that in this case the plaintiff must show that the defendant was guilty of gross negligence—and unless you find the defendant was guilty of gross negligence your verdict should be for the defendant."

While the record shows that he excepted to the refusal to give the instruction requested and that he excepted to nearly all of the instructions given, there is nothing in the record to show that he excepted or objected to the failure of the trial court to instruct the jury as to the degree of care and diligence that the defendant owed the plaintiff in this case. We have carefully examined the instructions as given, and we find that they fairly submitted the issues to the jury under the rule stated in Muskogee Electric Traction Co. v. Rye, 47 Okla. 142, 148 P. 100, and that the defendant is not in a position to object to the generality of the instructions as given, when he did not ask for more explicit instructions.

The defendant contends that:

"A party is strictly bound by his pleadings and advantage can be taken thereof at any stage of the case."

The pleadings complained of were abandoned by the filing of an amended petition. Under that state of facts the rule is stated in Letcher v. Maloney et al., 70 Okla. 65, 172 P. 972, wherein this court said:

"The plaintiff in his original petition alleged that the contract was entered into with the defendant Letcher and the defendant Canadian Valley Oil & Gas Company. It is the contention of the defendant Letcher that the plaintiff is bound by the allegations of his original petition, and that under his original petition he could only recover against the defendant oil and gas company, and there was no liability on behalf of the defendant Letcher; that Letcher only acted as agent for the defendant oil and gas company, his principal; and that the plaintiff could not introduce evidence to deny or contradict the allegations of defendant.

"While it is a general rule that the pleader is bound by the allegations of his pleading and cannot introduce evidence contradicting the facts alleged, there is a distinction between a pleading that has been substituted by amended pleading and the one on which the issues are made. The plaintiff went to trial on the amended petition.

"When an amended pleading is complete within itself and does not make the original pleading a part thereof by reference or otherwise, it becomes a substitute for and supersedes the original pleading, and the cause of action stands for trial on the amended pleading and the original pleading ceases to be a part of the record, and the allegations contained in the original pleading, substituted and superseded by the amended pleading, are not conclusive on pleader, but the original pleading may be introduced in evidence as admissions of the pleader against his interests. However, such admissions are subject to be denied, contradicted, and explained, and the issues raised by the admissions of such pleading and the evidence introduced by the pleader to contradict or explain such admissions are questions of fact to be determined by the jury. Lane v. Choctaw, Okla. & Gulf Ry. Co., 19 Okla. 324, 91 P. 883; Gaar, Scott & Co. v. Rogers, 46 Okla. 67, 148 P. 161."

The defendant contends that:

"The court committed reversible error by admitting statements made by the driver of the car the following day."

The record shows that the questions and answers complained of were for the purpose of impeachment of a witness after a proper foundation therefor had been laid. That witness had been asked if he had not made certain statements. He denied making the statements. The testimony complained of was for the purpose of showing that he had made those statements. They pertained to a material issue in the cause and were admissible under the exception to hearsay rule.

The defendant contends that:

"The verdict of the jury is certainly excessive and unquestionably was rendered under the influence of passion, prejudice, and interest."

We have carefully reviewed the record, and we cannot find therefrom that the amount of damages returned by the jury is excessive. The injury sustained was a severe one. It left the plaintiff permanently partially disabled. He suffered considerably, not only from the accident, but during the period of recovery, and he was still suffering at the time of the trial.

We find no reversible error in the judgment, and it is in all things affirmed.

CULLISON, V. C. J., and McNEILL, OSBORN, and BUSBY, JJ., concur.